PLANNING AND ZONING COMMISSION OF THE TOWN OF LEBANON *v.* WILLIAM CRAFT ET AL.
(4538)

DUPONT, C. J., DALY and BIELUCH, Js.

Submitted on briefs April 3—decision released August 18, 1987

*Mary E. Holzworth* and *John R. Fitzgerald* filed a brief for the appellant (plaintiff).

*John L. Stawicki* and *Jean M. Stawicki* filed a brief for the appellees (defendants).

BIELUCH, J. The plaintiff appeals from the judgment of the trial court denying its request for an injunction to enforce a cease and desist order issued by the town zoning enforcement officer. The cease and desist order prohibited the defendants from occupying certain premises on a year-round basis in violation of the town zoning regulations. The plaintiff claims that the trial court

erred (1) in allowing the defendants to challenge the validity of the cease and desist order despite their failure to appeal said order to the zoning board of appeals, (2) in concluding that the defendants' use of the subject property established a nonconforming use allowing year-round occupancy, and (3) in finding that the defendants' nonconforming use was not abandoned. We find no error.

The trial court made the following relevant factual findings: On or about December 6, 1958, the defendant Marion Craft[1] purchased property at 157-58 Ledge Road, Lebanon. At the time of the purchase, Marion Craft resided in New Rochelle, New York. From the date of acquisition to February, 1981, she used the premises year-round on weekends, holidays and vacations, that is, whenever she could get away from her employment. At the time of purchase the dwelling was insulated. In addition, it has at all times since then been serviced by water, electricity, heat and indoor plumbing. In February of 1981, she retired and moved into the property on a full-time year-round basis.

There were no zoning regulations for the town of Lebanon prior to April 14, 1962. On that date, zoning regulations were adopted which restricted the use of the defendants' property as a residence to the period from May 1 to October 31. By amendment in 1966, continuous occupancy was allowed from June 1 through November 1, and limited occupancy was permitted during the remainder of the year for not more than thirty days. Subsequently, the current regulations were adopted, effective June 1, 1980, permitting occupancy from May 1 to November 1, and for not more than thirty days during the balance of the year.

---

[1] Defendant Marion Craft, known before marriage as Marion Buckingham, is the wife of the named defendant, William Craft. The property was purchased by her prior to their marriage. For clarity, we shall refer to Marion Buckingham by her married name, Marion Craft.

On January 24, 1978, the defendant Marion Craft applied to the zoning board of appeals for a variance of the zoning regulations which would allow use of the premises on a year-round basis and to recognize the existence of a nonconforming use. The zoning board of appeals denied both requests, citing as its reasons: "Failure to establish satisfactory nonconforming use—hardship caused by the applicant." On appeal, the court affirmed the denial of the variance, but held that the zoning board of appeals exceeded its authority in purporting to determine the status of the nonconforming use.

After the first appeal, the defendants on March 2, 1983, again sought a variance of the seasonal use regulation which was denied. Subsequently, on February 11, 1984, the town zoning enforcement officer issued and caused to be served on the defendants an order directing that they discontinue their use of the premises as a year-round residence. The defendants did not comply with this order. The plaintiff thereafter, brought this action to enjoin the defendants' use of the premises as a year-round home.

The trial court denied the plaintiff's request for an injunction, finding that Marion Craft had established a nonconforming year-round use of the premises by virtue of her occupancy of the dwelling, prior to zoning, on every weekend, holiday and vacation during the year since 1958. The court found that "at all times her occupancy was year-round on weekends, holidays, and vacations; and it became full-time occupancy year-round when she retired from employment in 1981." The court concluded "that the defendants had a valid nonconforming use upon the initial adoption of zoning and that their present full-time, year-round occupancy does not constitute an illegal enlargement of their nonconforming use."

The plaintiff's first claim on appeal is that the trial court erred in allowing the defendants to challenge the zoning officer's cease and desist order when they had failed to appeal said order to the zoning board of appeals. It is axiomatic in the area of zoning law that a party must exhaust its administrative remedies before appealing to a court of law. *Greenwich* v. *Kristoff,* 2 Conn. App. 515, 519, 481 A.2d 77, cert. denied, 194 Conn. 807, 483 A.2d 275 (1984); see General Statutes § 8-6 (1) (authorizing the zoning board of appeals to hear appeals from enforcement orders). This requirement "reflects the legislative intent that such issues be handled in the first instance by local administrative officials in order to provide aggrieved persons with full and adequate administrative relief, and to give the reviewing court the benefit of the local board's judgment." *Greenwich* v. *Kristoff,* 180 Conn. 575, 578, 430 A.2d 1294 (1980). An exception to this general rule is made where the available administrative relief is inadequate or would prove futile. See *Greenwich* v. *Kristoff,* 2 Conn. App. 515, 519; see also *Cummings* v. *Tripp,* 204 Conn. 67, 74–81, 527 A.2d 1230 (1987) (failure to appeal from the inaction of the zoning enforcement officer in enforcing town zoning regulations did not preclude the plaintiff from bringing an action for injunctive relief).

In the present case, the defendants maintain that they should not be precluded from challenging the zoning enforcement officer's order, despite their failure to appeal from such order to the zoning board of appeals. They assert that such an appeal would have been futile in light of the prior decision of the zoning board of appeals denying their request for a variance and recognition of their nonconforming use. They rely upon the unanimous decision of the zoning board of appeals, rendered on February 15, 1979, denying their two-fold application for the following reasons: "Fail-

ure to establish satisfactory nonconforming use—hardship caused by the applicant."

In the present case, the trial court concluded that the unanimous prior finding of the zoning board of appeals that the defendants had failed to establish a nonconforming use indicated the futility of a further appeal to the board for similar relief. We agree with the trial court that the defendants' showing was adequate proof that another appeal to the board would be futile. See, e.g., *Kosinski* v. *Lawlor,* 177 Conn. 420, 425, 418 A.2d 66 (1979). "The law does not require the doing of a useless thing." *Corsino* v. *Grover,* 148 Conn. 299, 308, 170 A.2d 267 (1961); cf. *Greenwich* v. *Kristoff,* 180 Conn. 575, 578 (issue of futility not raised).

The plaintiff's second claim is that the trial court erred in concluding that the sporadic use of the subject property by Marion Craft, prior to the enactment of zoning regulations, established a nonconforming use allowing year-round occupancy. The plaintiff does not dispute that Marion Craft used the premises year-round during weekends, holidays and vacations from the outset. To that extent, the plaintiff does not challenge the defendants' nonconforming use.[2] The plaintiff argues, however, that such periodic use is different from year-round occupancy on a full-time basis, and that the trial court's finding created an illegal expansion of the defendants' use beyond what it was at the time the zoning regulations were enacted.

Zoning regulations "shall not prohibit the continuance of any nonconforming use, building or structure existing at the time of the adoption of such regulations." General Statutes § 8-2. Section 6.1 of the town zoning regulations provides that "[l]awful uses of land

---

[2] The plaintiff does argue, however, in its third claim of error that the defendants had abandoned said nonconforming use. We have treated this claim separately.

and structures becoming nonconforming by adoption of these regulations may continue subject to the following conditions: . . . (6) No existing structure devoted to a use not permitted by these regulations in the district in which it is located shall be enlarged, extended, constructed, reconstructed, moved, or structurally altered in a manner which increases the nonconformity except in changing the use of the structure to a use permitted in the district in which it is located."

Zoning regulations in general seek the elimination of nonconforming uses, not their creation or enlargement. *Baccante* v. *Zoning Board of Appeals,* 153 Conn. 44, 47, 212 A.2d 411 (1965). In enforcing zoning regulations, which are in derogation of common law property rights, they are to be construed strictly and should not be extended by implication. *Park Construction Co.* v. *Planning & Zoning Board of Appeals,* 142 Conn. 30, 35, 110 A.2d 614 (1954).

Not every intensification of a nonconforming use constitutes an impermissible extension of such use. See T. Tondro, Connecticut Land Use Regulation, p. 68–69. " 'While it is true that mere intensification of a nonconforming use is permissible so long as the nature of use is not substantially changed, it is generally recognized that the right of a landowner to continue the same kind of use to which the property was devoted on the critical date does not confer on him a right to subsequently change or add to that use a new and different one amounting to a drastic enlargement or extension of the prior existing use.' " (Citation omitted.) 1 R. Anderson, American Law of Zoning (3d Ed.) § 6.50, p. 598. "The issue of whether the new use or structure is a prohibited extension of the established nonconformity, or simply an intensification of that established use or structure, has involved the court in a series of highly factual, individualized decisions." T. Tondro, supra, p. 69. "To be illegal, an extension of a permit-

ted use need not necessarily consist of additional uses of a different character. It may consist of uses of the same character carried on over a substantially additional period of the year." *Hackett* v. *Roosevelt School, Inc.*, 145 Conn. 119, 123, 139 A.2d 608 (1958), citing *Beerwort* v. *Zoning Board of Appeals*, 144 Conn. 731, 734, 137 A.2d 756 (1958); *Weyls* v. *Zoning Board of Appeals*, 161 Conn. 516, 520, 290 A.2d 350 (1971). " 'The legality of an extension of a nonconforming use is essentially a question of fact.' " *Cummings* v. *Tripp*, supra, 84, quoting *Helicopter Associates, Inc.* v. *Stamford*, 201 Conn. 700, 716, 519 A.2d 49 (1986).

We agree with the trial court's finding that the defendant Marion Craft's full-time year-round occupancy was in substantial conformity with her prior part-time, but year-round, nonconforming use, and does not, therefore, constitute an illegal enlargement of such use which was carried on year-round. It was uncontroverted that she occupied the premises on a year-round basis before and after the advent of the zoning regulations. The transition from part-time to full-time use, under the circumstances here, does not constitute such a change in the type of use as to create an enlargement of such nonconforming use which was a year-round use of the premises.

The aim and thrust of the seasonal restriction on property is the nonoccupancy of premises such as that of the defendants during the remainder of the calendar year. The nonconformity of use by the defendants was created by the year-round use of the premises, not by whether such use was part-time or full-time. The part-time year-round use was unmeasured in scope and extended over the calendar year to weekends, holidays and vacations, whenever defendant Marion Craft could get away from her work, limited only by her inability to do so. The annual total of months, weeks and days of such nonconforming use is not recorded or measured,

but is indefinite and restricted to her leisure, which is now extended because of her retirement. There is no extension of the nonconforming use, but at most an unmeasurable intensification of an unmeasured nonconforming use. Any abrogation or diminution of this nonconforming use by the zoning authorities is unwarranted and an arbitrary and abusive application of the zoning regulations. The "volume" of use has been increased, but the "scope" of the nonconforming use has not been increased or extended.

In so holding, it is necessary to distinguish our result from that reached in *Cummings* v. *Tripp,* supra, *Weyls* v. *Zoning Board of Appeals,* supra, and *Beerwort* v. *Zoning Board of Appeals,* supra.

In *Cummings* v. *Tripp,* supra, the plaintiff sought an injunction to compel compliance with zoning regulations which prohibited the rental of rooms or cabins except as a nonconforming use.[3] The defendants purchased seven cottages which had been rented in accordance with a nonconforming use during the summer months of June, July and August. After renovating the cottages, the defendants proceeded to rent them year-round.

In upholding the trial court's finding of an illegal extension of a nonconforming use, the Supreme Court found that the renovation and year-round rental of the cottages was a new business undertaking and a substantial departure from the original nature and purpose of the legal nonconforming use. The Supreme Court acknowledged that a nonconforming use carried on over a substantially additional period of the year is an illegal extension of the nonconforming use. Id., 85.

---

[3] In *Cummings* v. *Tripp,* 204 Conn. 67, 527 A.2d 1230 (1987), the East Lyme zoning regulations made no distinction between seasonal and year-round use. Id., 86–87 n.16.

In *Weyls* v. *Zoning Board of Appeals,* supra, the plaintiffs purchased land within a zoned area from persons who had used such property only during the summer months. The plaintiffs subsequently occupied the premises year-round. In upholding the validity of an order directing that the plaintiffs cease and desist from using the property in violation of the town zoning regulations,[4] the court held that the plaintiffs' prolongation of a nonconforming use into a season in which such use had not existed at the time of the passage of the zoning regulations was an impermissible extension of a nonconforming use in conflict with the zoning regulations of the town. Id., 519–20.

In *Beerwort* v. *Zoning Board of Appeals,* supra, the plaintiff operated a trailer park on a seasonal basis. Prior to the adoption of zoning regulations, the plaintiff made some improvements in the park with the expectation that there would be year-round occupancy. Such use did not materialize and on October 2, 1951, the town adopted zoning regulations limiting the use of the plaintiff's park to the non-winter months. Again, the court held that the "extension of the use of the park beyond the months during which it had previously been used would be in fact, as well as in law, the extension of a nonconforming use at the expense of a conforming one." Id., 734.

In these three cases, *Cummings, Weyls* and *Beerwort,* the court acknowledged that the extension of a nonconforming use over a substantially additional period of the year constitutes an illegal use. See *Cummings* v. *Tripp,* supra, 85; *Weyls* v. *Zoning Board of Appeals,* supra, 520; *Beerwort* v. *Zoning Board of Appeals,* supra, 734. In the present case, however, we uphold the trial

[4] In *Weyls* v. *Zoning Board of Appeals,* 161 Conn. 516, 518, 290 A.2d 350 (1971), "there was no finding that the applicable zoning regulations differentiated between seasonal and year-round use." *Cummings* v. *Tripp,* 204 Conn. 67, 86–87 n.16, 527 A.2d 1230 (1987).

court's factual finding that the defendants' use extended to every period of the year, through winter, spring, summer and fall. While the change in use from two or so days a week to seven days a week, or from vacation time to full-time, may constitute an intensification of use, we do not find upon the facts of this case, that it compelled a factual finding by the trial court that such additional use was an illegal expansion or extension of a nonconforming use.

The plaintiff's third claim is that the trial court's conclusion that the nonconforming use was not abandoned was clearly erroneous. The well established clearly erroneous standard of appellate review of such a factual finding is provided in Practice Book § 4061. See *Buddenhagen* v. *Luque,* 10 Conn. App. 41, 44–45, 521 A.2d 221 (1987).

In support of its argument, the plaintiff relies upon the following: (1) testimony of the town zoning enforcement officer that the defendants did not begin year-round occupancy until the early 1980s; and (2) a letter dated January 13, 1982, from the defendants to the zoning enforcement officer stating that the premises were not being occupied on a year-round basis. It is argued that this evidence renders clearly erroneous the trial court's finding that the defendants did not voluntarily abandon their nonconforming use. We disagree. The defendants introduced evidence of their year-round use of the property from 1958 to the date of trial. We are not compelled to hold the trial court's finding in this regard clearly erroneous.

There is no error.

In this opinion the other judges concurred.