[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Nature of Action
This is an appeal, pursuant to Conn. Gen. Stat. Sec.8-8, from the defendant Farmington Plan Zoning Commission's (hereinafter the "Commission") approval of a special permit and site plan application to construct a 4,500 square foot office building on property abutting property owned by the plaintiffs, Kenneth and Frances Clutz.
Procedural Facts
On March 23, 1989, defendant William F. Maier submitted an application to the Commission for approval of a site plan and a special permit for the construction of a second office building at 1789 New Britain Avenue in Farmington. (Record, Item 1, Application). The subject property, a 1.95 acre parcel of land located in a Professional Office Zone, is owned by defendant William F. Maier. (Record, Item 1, Application).
A public hearing on defendant Maier's application was held on April 24, 1989. (Record, Item 23, Transcript). Notice of the April 24, 1989 public hearing was published on April 13, 1989 (Record, Item 2, Legal Notice) and April 20, 1989 (Record, Item 3, Legal Notice). Notice of the April 24, 1989 hearing was published within the time limits established in Conn. Gen. Stat. Sec. 8-3c(b) (rev'd to 1989).
Notice of the April 24, 1989 public hearing was sent to owners of property within 200 feet of the subject property on CT Page 1770 April 10, 1989, including the plaintiffs. (Record, Item 5, Certified Receipts for Mail). Two property owners submitted letters to the Commission indicating their approval of the proposed office building. (Record, Item 7, Letter; Item 8, Letter). Plaintiff Frances Clutz appeared at the hearing, and her argument against the proposed building was heard. (Record, Item 23, Transcript pp. 6-9). The Commission also heard evidence from Peter Moran, the applicant's attorney and Ray Cragin, a landscape artist. (Record, Item 23, Transcript).
On May 15, 1989, the Commission voted to approve defendant Maier's application at a regular meeting of the Commission. (Record, Item 9, Minutes of Regular Meeting). A notice of the decision was published on May 25, 1989 by the Chairman of the Commission. (Record, Item 11, Legal Notice). A letter giving notice of the decision signed by the Secretary of the Commission was sent to defendant by certified mail and delivered by the post office on May 26, 1989. (Record, Item 10, Letter and Postal Return Receipt). Notice of the Commission's decision was sent to the applicant and published within the time limits established in Conn. Gen. Stat. Sec. 8-3c(b) (rev'd to 1989).
Authority for Agency Action
Conn. Gen. Stat. Sec. 8-3c authorizes the Commission to "hold a public hearing on an application or request for a special permit or special exception. . .[and to] decide. . .such application or request."
Aggrievement
Aggrievement is a prerequisite to maintaining an appeal. See Smith v. Planning Zoning Board, 203 Conn. 317, 323
(1987). Conn. Gen. Stat. Sec. 8-8(a) provides that a person who owns land which abuts the land involved in the decision of a zoning board is statutorily aggrieved. According to defendant Maier's application for a special permit and site plan approval (Record, Item 1, Application), the Commission's legal notices of the hearing (Record, Item 2, Legal Notice; Item 3, Legal Notice), defendant Maier's proposed site plans (Record, Item 12; Item 13; Item 14; Item 15), and Frances Clutz's statement at the public hearing (Record, Item 23, Transcript), the plaintiffs own property abutting 1789 New Britain Avenue in Farmington. The Court finds that the record sufficiently demonstrates that plaintiffs are abutting property owners of the property involved in the Commission's decision, and are aggrieved for the purposes of this appeal. CT Page 1771
Timeliness
Conn. Gen. Stat. Sec. 8-8(a) requires a party taking an appeal to do so within fifteen (15) days from the date when notice of the Commission's decision was published. In this case, notice of the decision was published on May 25, 1989 (Record, Item 11, Legal Notice) and plaintiffs caused this appeal to be served on defendants on June 8, 1989, therefore this appeal is timely. See Conn. Pub. Acts No. Sec. 90-286 (1990).
DISCUSSION
Scope of Review
A trial court is not at liberty to substitute its judgment for that of the administrative tribunal. See Frito-Lay, Inc. v. PZC, 206 Conn. 554, 572-73 (1988); Parks v. PZC, 178 Conn. 657, 663 (1979). The court is only to determined whether the zoning commission has acted illegally, arbitrarily, or in abuse of its discretion. See Frito-Lay, Inc., 206 Conn. at 573; Raybestos-Manhattan, Inc. v. PZC,186 Conn. 466, 470 (1982). The court is simply to determine whether the record reasonably supports the conclusions reached by the agency. Primerica v. PZC, 211 Conn. 85, 96
(1989); Burnham v. PZC, 189 Conn. 261, 265 (1983).
Burden of Proof
The burden of proof to demonstrate that the Commission acted improperly is upon the plaintiff. Adolphson v. ZBA,205 Conn. 703, 707 (1988); Burnham 189 Conn. at 266.
Issues on Appeal
1. Notice of the Public Hearing.
"Compliance with prescribed notice requirements is a prerequisite to a valid action be a zoning board of appeals and failure to give proper notice constitutes a jurisdictional defect." Wright v. Zoning Board of Appeals,174 Conn. 488, 491 (1978), citing Maher v. Town Planning Zoning Commission, 154 Conn. 420, 425 (1967).
In their memorandum, plaintiffs argue that the record is completely devoid of evidence to establish compliance with the Town of Farmington's notice requirement for a public hearing. Town of Farmington Regulations for Zoning, Art. IV 12c(2) states that: CT Page 1772
 Notice of the public hearing by certified mail shall be mailed by the applicant no later than ten (10) days before such hearing to all owners of property located within 200 feet of any boundary of the property which is the subject of the application. Evidence of such mailing shall be presented to the Planning Department at or before the public hearing. In addition, the applicant shall post a notification sign provided by the Planning Department on the property at least seven (7) days prior to the date of the public hearing.
(Record, Item 21, p. 83).
Plaintiffs contend that the record is devoid of evidence as to whether or not posting was done. "When. . .notice [by posting] is required by a municipal ordinance duly adopted, compliance with that ordinance is required." Wright,174 Conn. at 491. The record must disclose compliance with the notice requirements of a town's zoning regulations for a zoning commission to avoid acting illegally. Maher,154 Conn. at 425. Plaintiffs correctly contend that the record is completely lacking evidence as to whether or not posting was done and that therefore defendant acted illegally in granting the application.
In addition, plaintiffs contend that the copies of the receipts for notices sent to property owners within two hundred (200) feet of the subject property (Record, Item 5, Certified Receipts for Mail) fail to establish mailing and fail to establish what was actually sent to these individuals. Plaintiffs appeared at the hearing and their argument against the proposed building was heard. (Record, Item 23, Transcript pp. 6-9). "Any defect in [this] personal notice was waived because the plaintiffs. . .appeared at the hearing and failed to object to the lack of notice." Dram Associates v. Planning and Zoning Commission, 21 Conn. App. 538,545 (1990), citing Schwartz v. Hamden, 168 Conn. 8,14-15 (1975).
Plaintiffs also contend that the certified receipts in the record demonstrate that the certified mailing was untimely. The notices were mailed on April 10, 1989 (Record, Item 5, Certified Receipts For Mail) and the public hearing was held on April 24, 1989 (Record, Item 23, Transcript). The certified notice was sent more than ten (10) days before the hearing as required by the Town of Farmington Regulations CT Page 1773 for Zoning.
2. Commission's Approval of the Special Permit and Site Plan Modifying Prior Yard Designations.
Commission acted illegally, in abuse of discretion, and in excess of its authority by approving an application for a special permit and site plan containing front, side and rear yard designations of a prior approved petition for a zone change. Specifically, plaintiffs contend that both defendants are estopped from reconfigurating the yard designations and that the administrative agency is impotent to reverse themselves.
The court need not consider plaintiffs' allegation that the doctrine of estoppel prevented defendants from reconfigurating the yard designations. Plaintiffs have failed to cite any legal authorities in support of this allegation and issues not briefed are considered abandoned. State v. Ramsundar, 204 Conn. 4, 16 (1987).
In general, "an administrative agency cannot reverse a prior decision unless there has been a change of conditions or other considerations have intervened which materially affect the merits of the matter decided." Grillo v. ZBA,206 Conn. 362, 367 (1988). This is true, however, "only when the subsequent application seeks substantially the same relief as that sought in the former." Id.
Plaintiffs do not dispute that the 1986 application was for a zone change while the subject application is to build a proposed second office building on the subject property. This fact alone renders the two applications substantially different, so that the defendant Commission was obligated to consider the subject application on its own merits and was not bound by its 1986 decision.
Next, the plaintiffs contend in their memorandum that the Commission's decision approving the application which redesignated the yard designations had the effect of rendering the lot and existing building further nonconforming. Specifically, plaintiffs allege that a nonconforming use was extended because the existing building's rear yard will be eliminated by the parking and the proposed building behind it and because the existing building will be located within the one hundred (100) foot side yard on the plans.
"A nonconformity is a use or structure prohibited by the zoning regulations but. . .permitted because of its existence CT Page 1774 at the time the regulations are adopted." Adolphson,205 Conn. at 710. Under the Farmington Zoning Regulations, a legally existing building and lot become nonconforming when, due to an amendment to the regulations, the frontage requirements are no longer met. (Record, Item 21 at p. 64, Regulation, Art. IV, Sec. 1 B-C). The 1987 amendment to the Farmington Zoning Regulations rendered the existing building and lot nonconforming because it doubled the setback requirements for rear and side yards adjoining a residential zone. (Record, Item 21 at p. 30, Regulations, Art. II, Sec. 10C (2)(a)). Under the zoning regulations, the nonconforming building and lot is designated a nonconforming use. (Record, Item 24 at p. 65, Regulations Art. IV, Sec. 10(1)).
The rule of nonconforming use protects the "right" of a user to continue the same use of property as existed prior to the adoption of the zoning regulations. Helbig v. Zoning Commission, 185 Conn. 294, 306 (1981). Nonconforming uses should not be allowed to increase, but should instead be abolished or reduced to conformity as soon as possible. Adolphson, 205 Conn. at 710.
The burden is on the plaintiffs to establish that the defendants' acts amount to an illegal extension of a nonconforming use. Cummings v. Tripp, 204 Conn. 67, 95
(1987). "[T]he legality of an extension of a nonconforming use is essentially a question of fact." Id. (citations omitted). Not every intensification of a nonconforming use constitutes an impermissible extension of such use." PZC v. Craft, 12 Conn. App. 90, 96 (1987).
There is no dispute that the proposed building on the subject application meets the setback requirements for front, rear, and side yards. However, because the redesignation of street fronts did not cause the existing structure to move closer to any lot lone that this constitutes no more than an intensification of a nonconforming use and not an illegal expansion or extension.
3. Sufficiency of Evidence in the Record Demonstrating Compliance with the Zoning Regulations
In their memorandum, plaintiffs argue that the Commission acted illegally, arbitrarily and in excess of its authority in granting the subject application. Specifically, plaintiffs contend that the Commission's decision allowed the subject project to be utilized contrary to the specific zoning requirements governing side and rear yard setbacks.
The zoning regulations require a rear yard of 60 feet CT Page 1775 and a side year of 100 feet for situations where a professional office zone adjoins a residential zone. (Record, Item 21 at pp. 29-30, Regulations, Art. II, Sec. 10c(2)). The Commission found the zoning regulations complied with (Record, Item 9, Minutes of Regular Meeting) and that the record reasonably demonstrates that the yard requirements are met. (Record, Item 12, Site Improvements Plan, Item 23, Transcript).
Next, plaintiffs argue in their memorandum that the Commission acted illegally, arbitrarily, and in abuse of its discretion because the record lacks sufficient evidence to establish that all standards set forth in the regulations were complied with. Initially, it should be noted that plaintiffs incorrectly state that the standards for granting a special permit are set forth in Article III, 12 of the Farmington Zoning Regulations. Those standards are set forth in Article IV, 12 of the Farmington Zoning Regulations.
Plaintiffs specifically contend that there is no evidence in the record to substantiate compliance with the standard applying to traffic considerations on the site. That standard states "[t]hat traffic circulation within the site and the amount, location and access to parking is adequate, and adequate sight distance is provided for all proposed and existing driveways." (Record, Item 21 at p. 82, Regulations, Art. IV, 12B (3)).
The record contains comments by the Traffic Authority based on its review of the plans recommending what the site lines for the driveways should be and recommending the type of traffic flow the plans should reflect for the parking lot. (Record, Item 4, Memorandum from Traffic Authority). At the hearing, Ray Cragin, the landscape architect, discussed compliance with the above mentioned on site traffic standard and the concerns of the traffic authority. (Record, Item 23, Transcript pp. 2-3). The record reasonably supports the Commission's determination that the subject application is in compliance with the standards for granting a special permit as to Art. IV 12B(3) of the Farmington Zoning Regulations.
Next, plaintiffs contend that there is no evidence in the record to substantiate compliance with the standard applying to road traffic. Specifically, that standard states: "[t]hat the road network, to include intersections, impacted by the proposed development will be capable of satisfactorily handling the increased traffic generated by such use." (Record, Item 21 at p. 82, Regulations, Art. IV 12B(4)). The Traffic Authority's comments based on its review CT Page 1776 of the plans expressed no concern about increased traffic from the proposed use. (Record, Item 4, Memorandum from Traffic Authority). While the landscape artist at the hearing stated that a proposed widening of the intersection at Route 6 would improve the flow of traffic around the corner where the property is located, he in no way implied that the intersection in its current state would be unable to handle satisfactorily increased traffic generated by the proposed new building. (Record, Item 23, Transcript p. 2). The record reasonably support the Commission's determination that the subject application is in compliance with the standards for granting a special permit as to Art. IV, 12B (4).
Plaintiffs also contend that there is no evidence in the record to substantiate compliance with the standard applying to general detriment to the neighborhood. Specifically, the standard states "[t]hat adequate safeguards have been taken to protect adjacent property and the neighborhood in general from detriment." (Record, Item 21 at p. 82, Regulations, Art. IV 12B(2)). The Commission's decision to grant the special permit and site plan for the subject application was based on the conditions that: additional shrubbery be planted, that location and screening of exterior utilities and lighting be reviewed and approved by staff and that the building be restricted to general office use as opposed to any medical offices. (Record, Item Item 9, Minutes of Regular Meeting). Additionally, the Commission found the proposal to be in keeping with the industrial uses across the street and that it would not have a detrimental effect upon the adjacent residence. Id.
The record reasonably supports the Commission's determination that the subject application is in compliance with the standards for granting a special permit as to Art. IV 12B(2) of the Farmington Zoning Regulations.
In addition, plaintiffs argue that the record is devoid of any evidence to show compliance with the Fire Lane and Fire Protection Requirements for Professional Office Zones. It is specifically required that: "[e]ach proposed site plan shall make provision for access to the site and building(s) for firefighting and other emergency equipment." (Record, Item 21 at p. 30, Regulations, Art. II, 10G). An examination of the record has shown no evidence to establish compliance with this requirement of the regulations.
The Commission found the proposal to be in compliance CT Page 1777 with all the standards for granting a special permit (Record, Item 9, Minutes of Regular Meeting). The record does not reasonably support this conclusion due to the absence of evidence demonstrating compliance with the Fire Lane and Fire Protection requirements.
4. Compliance with Conn. Gen. Stat. Sec. 8-7a
In their memorandum, plaintiffs argue that the Commission has failed to comply with the Conn. Gen. Stat. Sec. 8-7a requirement that a zoning commission shall have evidence taken at its hearing by either a competent stenographer or by a sound recording device. Plaintiffs specifically contend that while the record reveals a transcript of a stenographic recording for the April 24 hearing, it is devoid of evidence to establish that a stenographer or sound recording device was employed at the May 15, 1989 hearing.
On May 15, 1989, the Commission held a regular meeting to which they voted on the subject special permit and site plan. This regular meeting was not a hearing and that therefore the requirement of Conn. Gen. Stat. Sec. 8-7a does not apply to it.
5. Compliance with Conn. Gen. Stat. Sec. 8-3c
In their memorandum plaintiffs argue that the Commission has failed to comply with the Conn. Gen. Stat. Sec. 8-3c(b) requirement that:
 Notice of the decision of the commission shall be published in a newspaper having a substantial circulation in the municipality and addressed by certified mail to the person who requested or applied for a special permit or special exception, by its secretary or clerk, under his signature in any written, printed, typewritten or stamped form within fifteen days after such decision has been rendered.
Plaintiffs specifically contend that the record reveals that the decision was published under the Commission Chairman's signature rather than the signature of its secretary or clerk.
Notice of the Commission's decision is sent to the Applicant by certified mail and signed by the Commission' s Secretary. (Record, Item 10, Letter and Postal Return Receipt). Notice of the Commission's decision was published CT Page 1778 in a newspaper having a substantial circulation in the municipality under the Commission Chairman's signature. (Record, Item 11, Legal Notice).
"In construing a statute, common sense must be used, and courts will assume that the legislature intended to accomplish a reasonable and rational result." Ford Motor Credit Co. v. B.W. Beardsley, Inc., 208 Conn. 13, 20 (1988). A statute should not be interpreted to thwart its purpose. Builder's Service Corp. v. Planning and Zoning Commission,208 Conn. 267, 276 (1988).
The reasonable interpretation of the intent of the publication requirement is to give notice to all interested parties of the Commission's decision. Therefore, because notice is given to all interested parties as effectively by published notice signed by the Commission's Chairman as published notice signed by its secretary, there is no illegal error in the published notice.
CONCLUSION
The appeal is hereby sustained on the grounds that the defendant Commission acted illegally in approving the subject application when it failed to satisfy the requirements of Art. IV, Sec. 12c(2) and Art. II, Sec. 10G, as discussed in Issues on Appeal, 1. and 3.
ALLEN W. SMITH JUDGE OF THE SUPERIOR COURT