HELEN BOSLEY ET AL. *v.* ZONING BOARD OF APPEALS
OF THE CITY OF NEW HAVEN ET AL.
(11238)

DUPONT, C. J., LANDAU and FREEDMAN, Js.

Argued January 11—decision released April 6, 1993

---

*Philip W. Ball,* for the appellant (plaintiff).

*Peter M. Sipples,* with whom were *Richard Coan* and *Michael Koenigsberg,* for the appellee (defendant Fred Hassan, trustee).

LANDAU, J. The plaintiffs[1] appeal from the judgment of the trial court dismissing their appeal from the decision of the defendant New Haven zoning board of appeals upholding the issuance of a certificate of zoning compliance by the zoning enforcement officer. That certificate permitted a proposed facility to be located at 54 East Ramsdell Street, New Haven, to be used for those convalescing from drug and substance abuse. On appeal to this court, the plaintiffs claim that the trial court improperly found that the intended use of the facility was for the treatment of those recovering from a medical disorder or disease, which would be permitted as a continuation of the "convalescent home" use previously granted. Because we conclude that the appeal to the board of appeals was not timely, we affirm the judgment of the trial court.

The following facts are pertinent to this appeal. In May, 1965, a special exception was granted by the zoning board of appeals permitting the establishment of a convalescent home on the subject premises. On May 9, 1989, a certificate of zoning compliance was

---

[1] The plaintiffs, Helen Bosley and Ivy Gordon, are the owners of property at 24 Ramsdell Place and 53 East Ramsdell Street, New Haven, respectively.

issued by the zoning enforcement officer to permit the use of this facility for those convalescing from drug and substance abuse. On August 15, 1989, an appeal of the decision granting the certificate was taken to the board of appeals. The current property owners objected to the hearing on the ground that the appeal was untimely. The board of appeals, however, held a hearing on September 19, 1989, and, by publication dated September 25, 1989, upheld the decision of the zoning enforcement officer. On October 13, 1989, the plaintiffs appealed the decision of the board of appeals to the Superior Court. That court determined that the plaintiff's appeal was untimely and that the board of appeals could have dismissed the appeal on that ground, but that, "by hearing the appeal from the issuance of the certificate, the zoning board of appeals knowingly relinquished its right to argue that the appeal to it was untimely." The trial court then addressed the merits of the plaintiff's appeal and remanded the case to the board of appeals to consider whether the defendant's proposed used was in conformance with the zoning regulations. The defendants then petitioned for certification to appeal the issue of timeliness to this court, which was granted. We subsequently dismissed that appeal, suo motu, for lack of a final judgment. On June 25, 1991, the board of appeals considered the trial court's remand and determined that the proposed use was permitted pursuant to the special exception granted in 1965. The board of appeals informed the trial court of its decision by letter dated October 29, 1991. On January 13, 1992, the trial court issued a supplemental decision sustaining the board of appeals' decision that the proposed use was permitted. The present appeal ensued.

General Statutes § 8-7 provides in pertinent part: "An appeal may be taken to the zoning board of appeals by any person aggrieved or by any officer, department, board or bureau of any municipality aggrieved and shall

be taken within such time as is prescribed by a rule adopted by said board, or, if no such rule is adopted by the board, within thirty days . . . ." We recently addressed this very issue in *Koepke* v. *Zoning Board of Appeals,* 30 Conn. App. 395, 398, 620 A.2d 811 (1993), where we held that "the thirty day limit of General Statutes § 8-7 is mandatory in nature and . . . any appeal not taken within thirty days is invalid."

There is no question but that the appeal was taken ninety-eight days after the decision of the zoning enforcement officer.[2] The New Haven zoning board of appeals had not adopted a rule regarding the time in which to appeal a decision of the zoning enforcement officer. Because the board of appeals has not adopted a specific period within which to appeal, and because the thirty day limit stated in General Statutes § 8-7 is mandatory in nature, the appeal taken by the plaintiffs from the decision of the zoning enforcement officer was untimely and the board lacked subject matter jurisdiction to hear the appeal.[3]

The judgment is affirmed.

In this opinion the other judges concurred.

---

[2] The thirty day period began to run at the time of the zoning enforcement officer's May 9, 1989 decision. See *Koepke* v. *Zoning Board of Appeals,* 30 Conn. App. 395, 402–403, 620 A.2d 811 (1993).

[3] Time limitations imposed by statute are jurisdictional; *Harwinton Drilling & Engineering Co.* v. *Public Utilities Control Authority,* 188 Conn. 90, 488 A.2d 210 (1982); and the failure to initiate proceedings within this time limited by statute results in loss of the right to review. *Country Lands, Inc.* v. *Swinnerton,* 151 Conn. 27, 193 A.2d 483 (1963). Because the right to be heard was extinguished by the passage of time, the trial court improperly reached the issue of waiver.

The trial court's decision is correct, but not for the reason stated. "This court is not required to reverse a ruling of the trial court which reached a correct result, albeit for a wrong reason." *Herrmann* v. *Summer Plaza Corporation,* 201 Conn. 263, 274, 513 A.2d 1211 (1986); *Delfino* v. *Planning & Zoning Commission,* 30 Conn. App. 454, 463, 620 A.2d 836 (1993); *New London* v. *Zoning Board of Appeals,* 29 Conn. App. 402, 409, 615 A.2d 1054 (1992); *State* v. *Lamme,* 19 Conn. App. 594, 604, 563 A.2d 1372 (1989), aff'd, 216 Conn. 172, 579 A.2d 484 (1990).