[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On June 29, 1994 Peter Crabtree (Ansonia Zoning Enforcement Officer) issued a written opinion that certain properties owned by the appellant, Leonard E. Stauffer, were valid non-conforming uses within the zoning regulations of the City of Ansonia. These properties, two in number, were a six family dwelling at 5-7 Jewett Street, which since has burned to the ground, and a nine family dwelling at 55-57 Beaver Street. Both properties are located within the B Residence District as shown on the "Official Zoning Map, City of Ansonia, Connecticut, February 1990" (Exh. J). Permitted uses with respect to the B Residence District as to dwellings are limited to one and two family units. See Zoning Ordinance, City of Ansonia, Connecticut, Adopted June 1, 1977, As Amended to November 10, 1994. (Exh. K).
Armed with the opinion of Crabtree that the properties were valid non-conforming uses, the appellant obtained building permits CT Page 10061 on July 1, 1994 authorizing the renovation of the two subject properties.
Thereafter, the respondents, John Antonucci, Vincent Malerba and David Caruso, filed "Applications for Hearing" before the City of Ansonia Zoning Board of Appeals (Z.B.A.), said applications baring the date of August 11, 1994, 43 days after the issuance of the Crabtree opinion validating the non-conforming uses and challenging said uses on the ground of abandonment.
On September 2, 1994, a hearing was held before the Z.B.A. on said applications following which the Z.B.A. "overturned the decision of the Zoning Enforcement Officer" thereby prohibiting any renovating of the subject properties. Before the Court is the appellant's appeal from the granting of said applications.
The main thrust of appellant's argument is that the applications filed by the respondents which initiated the action of the Z.B.A. were untimely, thereby depriving the Z.B.A. of subject matter jurisdiction. With respect to said claim, "the plaintiff (appellant) bears the burden of demonstrating that the Zoning Board of Appeals acted improperly." Adolphson v. Zoning Board of Appeals,205 Conn. 703, 535 A.2d 799 (1988). The Court believes that the appellant has met his burden with respect to proving the untimeliness of the respondents' applications.
General Statutes § 8-7 provides in pertinent part:
 "an appeal may be taken to the zoning board of appeals by any person aggrieved or by any officer, department, board or bureau of any municipality aggrieved and shall be taken within such time as is prescribed by a rule adopted by said board, or, if no such rule is adopted by the board, within thirty days."
(Emphasis added).
Both sides of this controversy have agreed that the Ansonia Zoning Board of Appeals has not adopted a time period within which an appeal from the action of an "officer, department, board or bureau" may be taken. Therefore, pursuant to § 8-7 above, the applicable period would be "30 days".
Respondents concede that § 8-7 does not specify from what date CT Page 10062 or action the period begins to run, and that "the statute does not require that notice be given to aggrieved parties so that they know that there is an act or decision to appeal from." Respondent Ansonia Zoning Board of Appeals Memo. 1-18-95.
The issue of whether or not "notice" either actual or constructive, is required before the clock starts running on the 30 day period came before the Appellate Court in Koepke v. ZoningBoard of Appeals, 30 Conn. App. 395 (1993:
 "We briefly address Oxygard's contention that the thirty day period did not commence until she received actual or constructive notice that a permit had been issued. While this argument has some superficial appeal, upon further analysis, we must reject this claim. . . ." at 400-401.
The Koepke court in its analysis continued:
 "We note that statutes specifically provide for publication of notice for many of the various functions of zoning authoritys such as the granting of a variance or special permit, or approval of a subdivision among others."
The Court continued: "The statutes do not provide for any form of notice to be given in connection with ministerial tasks such as the issuing of [a] permit. . ." at issue here. Finally, the Court concluded that "Oxygard's time to appeal began to run at the time of the initial issuance of the permit, whether she received actual or constructive notice is irrelevant". Supra, 402-403.
The Supreme Court granted certification in the Koepke case as to two issues, the first of which is determinative of the issue in this case:
 "(1) Did the Appellate Court properly conclude that an appellant's failure to file a zoning appeal within the thirty day limit provided by General Statutes section 8-7 deprives the zoning board of appeal of subject matter jurisdiction to hear the appeal?"
Regrettably, the court did not answer this question; it found that CT Page 10063 "Oxygard's appeal from the decision of the board was timely". The Court found the thirty day period to have commenced at the time of the filing of a second application on August 7, rather than at the initial application filing on July 11, 1986. Koepke v. Zoning Boardof Appeals, 230 Conn. 452, 456 (1994), see also footnote 2 456.
Absent a Supreme Court decision to the contrary, the court believes that Koepke v. Zoning Board of Appeals, 30 Conn. App. 395
(1993) controls as to the permissible period within which an appeal may be taken from the decision of a zoning enforcement officer.
Because the board of appeals had not adopted a specific period within which to appeal, and "because the thirty day limit is mandatory in nature", the applications filed by the respondents Antonucci, Malerba and Caruso were not timely filed, and the Ansonia Zoning Board of Appeals lacked subject matter jurisdiction to hear their appeals. Bosley v. Zoning Board of Appeals, 30 Conn. App. 797,800 (1993).
The instant appeal is sustained and the decision of the Zoning Board of Appeals is reversed.
SKOLNICK, J.