[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM FILED APRIL 30, 1996
The plaintiff, Joseph J. Farricielli brought an action against the Town of Hamden Zoning Board of Appeals and Quinnipiac Group, Inc. appealing the action of the board in denying the plaintiff a public hearing. The plaintiffs appeal to the board was filed on January 2, 1996. That appeal concerns a decision issued by the town planner and the zoning enforcement officer on November 17, 1995. On January 24, 1996 the board refused to hear the January 2, 1996 appeal on the grounds that the appeal was not filed in a timely fashion and the board lacked jurisdiction.
Appeals to the Zoning Board of Appeals are provided for by § 8-6 of the Connecticut General Statutes. Pursuant to §8-7 of the General Statutes such appeals must be taken within the time prescribed by the local board or at a maximum within thirty days. In the instant case a fifteen-day period had been prescribed by the local board. This appeal was not taken within the fifteen day period or the thirty day period which is the statutory alternative.
Appeals from the board to this court are taken pursuant to § 8-8 of the General Statutes and must be taken within fifteen days of the notice of decision by the zoning board of appeals. In the instant case there is no argument concerning the CT Page 2851-G fact that the appeal from the board to this court was taken in a timely manner.
Simply stated the appellant failed to take an appeal from the zoning enforcement officer to the zoning board of appeals in a timely manner. The appellant did take an appeal from the board of appeals failure to act to the court within the time limits prescribed by statute. The sole issue facing the court is whether failure to timely appeal to the board deprives the court of jurisdiction to hear an appeal from the board.
This precise question has been addressed by the Appellate Court in Bosley v. Zoning Board of Appeals, 30 Conn. App. 797
(1993). In that opinion the court held
 Time limits imposed by statute are jurisdictional; Harwinton Drilling and Engineering Company v. Public Utilities Control Authority, 188 Conn. 90, 488 A.2d 210 (1982); and the failure to initiate proceedings within this time limited by statute results in loss of the right to review. Country Lands, Inc. v. Swinnerton, 151 Conn. 27, 193 A.2d 483 (1963). Because the right to be heard was extinguished by the passage of time, the trial court improperly reached the issue of waiver. Bosley at p. 800 N.3.
Although this court can envision a result which found that the time limit for appealing to the ZBA and the time limit for appealing from the ZBA presented differing jurisdictional requirements, the Appellate Court appears to have foreclosed such a conclusion. If the Superior Court finds that the appeal to the board of appeals was not timely taken Bosley holds that that failure deprives the court of jurisdiction under § 8-8.
The footnote in Bosley relies heavily on the holding inKoepkte v. Zoning Board of Appeals, 30 Conn. App. 395, 398, where the Appellate Court held "the thirty-day limit of General Statutes § 8-7 is mandatory in nature . . . any appeal not taken within thirty days is invalid." Koepkte was argued twice in the Appellate Court, 25 Conn. App. 611 (1991), and 30 Conn. App. 395
(1993). It was also argued twice in the Supreme Court,Koepkte v. Zoning Board of Appeals, 223 Conn. 171 (1992), andKoepkte v. Zoning Board of Appeals, 230 Conn. 452 (1994).
The second Koepkte decision in the Appellate Court found that CT Page 2851-H the appeal from the zoning enforcement officer to the zoning board of appeals was not taken in a timely manner and from this finding the Appellate Court proceeded to the Bosley result that that infirmity also deprived the Superior Court of jurisdiction. In the second Supreme Court decision in Koepkte the court held
 We conclude, therefore, that [the appeal] was filed within the time prescribed by § 8-7. Accordingly the board properly heard her appeal. Koepkte II at 458.
It therefore appears that ultimately the Supreme Court disagreed with the Appellate Court on the timeliness of theKoepkte appeal to the board. However, this court sees nothing in the Supreme Court reversal of Koepkte which challenges the Appellate Court conclusion that if the ZBA appeal had been untimely the Superior Court would have been deprived of jurisdiction.
The court recognizes that the appellant in this case attempts to raise various constitutional and due process claims which may be capable of being raised by declaratory judgment action. However, bound by the Bosley precedent, the court finds that the failure to take the appeal to the board of appeals in a timely manner deprives the Superior Court of jurisdiction and the appeal is dismissed.
BOOTH, J.
[EDITORS' NOTE: THE CASE THAT PREVIOUSLY APPEARED ON THIS PAGE HAS BEEN MOVED TO CONN. SUP. PUBLISHED OPINIONS.] CT Page 2851-M