[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION STATEMENT OF THE CASE
CT Page 5959
The plaintiff, Linda Phillips, appeals a decision of the defendant, Darien Zoning Board of Appeals (Board), following a hearing held pursuant to General Statutes § 8-7, finding that (1) the question of whether the property at 33 and 35 Old Farm Road was a single parcel of land or two separate parcels was of such importance that it should have come to the zoning board of appeals for a full hearing and review, and (2) the two parcels in fact have been merged and shall be treated as a single property.
The Board acted pursuant to § 8-6 of the General Statutes and § 1121 of Darien's Zoning Regulations.
The plaintiff appeals pursuant to § 8-8 of the General Statutes.
PROCEDURAL HISTORY
On July 6, 1995, the Darien News Review, a newspaper of general circulation, published the Board's resolution. (Return of Record [ROR], Item BBB.)
On July 19, 1995, the plaintiff had Fairfield County Chief Deputy Sheriff William Melhorn leave a true and attested copy of the process with Margaret Walker, the Board's chairperson; Marilyn M. Van Scriver, Darien's town clerk; Evangeline S. Tolley, and B. Carey Tolley, III. (Sheriff's Return.)
On July 24, 1995, the plaintiff filed her appeal from the Board's decision, along with the citation and recognizance, at Stamford Superior Court. The plaintiff named the Board and the Tolleys as defendants.
The Board filed its answer to the plaintiff's appeal on September 11, 1995, while the Tolleys filed their answer on October 2, 1995. The Board filed the return of record on November 13, 1995, and a supplemental return of record on February 6, 1996.
On June 14, 1996, the court, Stevens, J., granted the Tolleys' motion to substitute Kenneth and Sylvia Reiss as defendants in lieu of the Tolleys. The court, further, permitted the plaintiff to file an amended appeal adding CT Page 5960 allegations of municipal estoppel after having the parties file briefs and provide oral argument on the issue. On February 28, 1997, the court held an evidentiary hearing on the issue of municipal estoppel.
FACTS
The administrative record indicates that the following facts were before the Board. In December 1990, the plaintiff, through counsel, made a request to the Town of Darien to file maps depicting 33 and 35 Old Farm Road as separate lots. (ROR, Items F and G.) This request was reviewed by Ray Nurme, Darien's Planning and Zoning Director, and David Keating, the Darien Zoning Enforcement Officer. (ROR, Items F and G.) On the basis of their review of the maps and information supplied to them by the plaintiff's attorney, Ray Nurme signed and filed the maps in the Darien Land Records. (ROR, Items F and G.) Although Ray Nurme authorized the filing of the maps, the record is clear that the filing was done after the matter was reviewed and approved by the Zoning Enforcement Officer, David Keating. (ROR Items F and G; Supplemental ROR, Item 1.) The map showing 33 Old Farm Road was filed on January 2, 1991; the map showing 35 Old Farm Road was filed on October 3, 1991. (ROR Items YY and XX.)
In light of the approval and filing of the maps, the plaintiff sometime thereafter decided to market 33 Old Farm Road for sale. In April 1995, more than three years after the filing of the maps, the plaintiff entered into a contract to sell the property. Pursuant to the contract, title to 33 Old Farm Road was transferred to James E. Johnsen and Jeanine Johnsen on or about April 5, 1995. (ROR, Item V.)
The prior party defendants to this suit, the Tolleys, became aware that 33 Old Farm Road was being offered for sale, and through counsel, they sent a May 9, 1995 letter to David Keating asking him to "reconsider [his] decision that the property is two lots and find that merger has occurred" under common law and the applicable zoning regulations. (ROR, Item C.) In this letter, the Tolleys emphasized that before the maps were approved and filed, the Planning and Zoning staff had received incomplete and inaccurate information from the plaintiff's attorney. (ROR, Item C.)
Keating formally responded to this request for CT Page 5961 reconsideration in a letter dated May 26, 1995. (Supplemental ROR, Item 1.) In his letter, Keating states that the "decision made in 1990 to allow properties at 33 and 35 Old Farm Road to be mapped and filed in the Darien Land Records has been reviewed, but remains unchanged at this time." (Supplemental ROR, Item 1.)
On May 24, 1995, the Tolleys appealed Keating's refusal to change the decision to the Board. (ROR, Item A.) In the appeal, they contested Keating's refusal to reconsider and reverse the administrative decision allowing the plaintiff to divide her property through the recording of the maps and insisted that the decision "would have been reversed if [it had been] submitted to the Zoning Board." (ROR, Item A.)
In their appeal, the Tolleys also sought an interpretation of Section 385 of the Darien Zoning Regulations, which governs "building on non-conforming lots." (ROR, Item A.) The Tolleys sought a determination whether the regulation should be interpreted and applied to require the merger of the parcels and to preclude their sale as separate lots. (ROR, Item A.)
In a decision dated July 7, 1995, the Board found that in 1924, the parcels were reflected by maps showing them as two lots, but for years thereafter, the parcels were not owned, landscaped, taxed or described as separate lots. (ROR, Item DDD.) The Board concluded that prior to 1990, a merger had occurred and that the nonconforming buildings now exist on a single parcel. (ROR, Item DDD.) The Board also noted that because the matter was of such significance "it should have come to the Zoning Board of Appeals in 1990." (ROR, Item DDD.)
One board member dissented from the Board's decision. (ROR, Item DDD.) This member dissented for a number of reasons, which included his view that the Darien Zoning regulation regarding merger was not sufficiently drafted to deal with the situation presented by the plaintiff's case here; and that any appeal and review by the Board regarding this matter should have taken place when the initial decision was made authorizing the filing of the maps. (ROR, Item DDD).
JURISDICTION
General Statutes § 8-8 governs appeals taken from the decisions of a zoning board of appeals to the superior court. CT Page 5962 "A statutory right to appeal may be taken advantage of only by strict compliance with the statutory provisions by which it is created." (Internal quotation marks omitted.) BridgeportBowl-O-Rama, Inc. v. Zoning Board of Appeals, 195 Conn. 276,283, 487 A.2d 559 (1985).
AGGRIEVEMENT
"[P]leading and proof of aggrievement are prerequisites to the trial court's jurisdiction over the subject matter of a plaintiff's appeal." Jolly, Inc. v. Zoning Board of Appeals,237 Conn. 184, 192, 676 A.2d 831 (1996). "`Aggrieved person' means a person aggrieved by a decision of a board . . . ." General Statutes § 8-8 (a)(1).
The plaintiff alleges in her amended appeal that she is the owner of 35 Old Farm Road and has specific personal and legal interests in the Board's decision. (Phillips' Amended Appeal, ¶ 8) Moreover, the record indicates, and the plaintiff has testified, that she owns a portion of the property at issue. (ROR, Item E.) Accordingly, the court finds that the plaintiff his aggrieved. See Winchester Woods Associates v. Planning andZoning Commission, 219 Conn. 303, 308, 592 A.2d 953 (1991).
TIMELINESS AND SERVICE OF PROCESS
General Statutes § 8-8 (b) states in part that an "appeal shall be commenced by service of process in accordance with subsections (e) and (f) of this section within fifteen days from the date that notice of the decision was published as required by the general statutes."
Subsection (e) provides in pertinent part that service "shall be made by leaving a true and attested copy of the process with, or at the usual place of abode of, the chairman or clerk of the board, and by leaving a true and attested copy with the clerk of the municipality." Subsection (f) provides in relevant part that "[s]ervice of process shall also be made on each person who petitioned the board in the proceeding . . . ."
On July 6, 1995, the Darien News Review, a newspaper of general circulation, published the Board's resolution. (ROR, Item BBB.) On July, 19, 1995, the plaintiff served Margaret Walker, the Board's chairperson; Marilyn M. Van Scriver, Darien's town clerk; and the Tolleys, within the fifteen day CT Page 5963 requirement of § 8-8 (b). (Sheriff's Return.) Accordingly, the court finds that the plaintiff's appeal is timely.
SCOPE OF JUDICIAL REVIEW
"In appeals from administrative zoning decisions . . . the decisions will be invalidated . . . if they [are] not supported by `substantial' evidence in [the] record." Kaufman v. ZoningCommission, 232 Conn. 122, 151, 653 A.2d 798 (1995). "The `substantial evidence' standard requires enough evidence to justify, if the trial were to a jury, a refusal to direct a verdict when the conclusion sought to be drawn from it is one of fact for the jury." (Internal quotation marks omitted.) Id.
DISCUSSION
The parties in this appeal raise issues broadly characterized as follows: (I) Whether the Board's determination that it had jurisdiction to hear the Tolleys' appeal was proper; (II) Whether the Board's decision finding that 33 and 35 Old Farm Road merged was proper; and (III) Whether the Board should be municipally estopped from enforcing its finding that 33 and 35 Old Farm Road merged.
 I
In its decision published on July 6, 1995, the Board "determined that the question of whether the property was a single parcel of land or two separate parcels was of significant importance and should have come to the zoning board of appeals for a full hearing and review" in 1990-91.
In the present case, the parties have questioned whether the determination to file the maps was a decision made by a zoning enforcement officer and therefore appealable to the Board.[1] General Statutes § 8-6 provides in pertinent part that "[t]he zoning board of appeals shall have the following powers and duties: (1) To hear and decide appeals where it is alleged that there is an error in any order, requirement ordecision made by the official charged with the enforcement ofthis chapter or any . . . regulation adopted under theprovisions of this chapter." (Emphasis added.) In Darien, the official charged with the enforcement of the zoning regulations is the zoning enforcement officer. See DZR § 1101(b). CT Page 5964
According to Planning and Zoning Director Ray Nurme's testimony, the filing of maps typically constitutes a simple administrative decision. (Hearing, February 28, 1997.) In the present case, however, the plaintiff's map filing request involved zoning issues concerning nonconforming lots and the doctrine of merger. The unusual nature of the map filing request prompted Nurme to consult the zoning enforcement officer, David Keating.
The court acknowledges that Keating wore two hats, one as the zoning enforcement officer and another, as assistant planning and zoning director. The record indicates, however, that the parties, as well as the Board, believed that Keating, in assisting Nurme, went beyond the status of assistant planning and zoning director. The Tolleys did not go to Nurme with their request to reconsider the map filings. They went to Keating. Moreover, Keating did not refer them to Nurme.
Accordingly, the court concludes that substantial evidence exists on the record to support the Board's action in reviewing the map filings as a zoning enforcement decision.
The plaintiff argues, however, that the Board did not have jurisdiction to hear the Tolleys' appeal because the appeal was untimely. The plaintiff claims that the Tolleys' appeal to the Board, filed on May 24, 1995, was untimely under General Statutes § 8-7 and Darien Zoning Regulation § 1126 because the zoning enforcement officer's decision to permit the filing of the contested maps occurred in 1990-91.
General Statutes § 8-7 provides in pertinent part: "An appeal may be taken to the zoning board of appeals by any person aggrieved or by any officer, department, board or bureau of any municipality aggrieved and shall be taken within such time as is prescribed by a rule adopted by said board, or, if no such rule is adopted by the board, within thirty days. . . ." The Board has adopted a rule regarding the time in which to appeal a decision of the zoning enforcement officer.
Section 1126 of the Darien Zoning Regulations provides that "[a]ppeals to the ZBA from an order, requirement, decision, or determination by an administrative official or the Commission shall be made within 30 days from the date of their receipt of the order, requirement, publication of decision or determination."[2]
CT Page 5965
Court decisions interpreting General Statutes § 8-7 have held that "the thirty day limit of § 8-7 is mandatory in nature and, thus, any appeal not taken within thirty days is invalid."Koepke v. Zoning Board of Appeals, 30 Conn. App. 395, 398,620 A.2d 811 (1993), rev.'d on other grounds, 230 Conn. 452,645 A.2d 983 (1994); Bosley v. Zoning Board of Appeals,30 Conn. App. 797, 800, 622 A.2d 1020 (1993). See also Farricielli v.Hamden Zoning Board of Appeals, Superior Court, judicial district of New Haven at New Haven, Docket No. 383424 (April 30, 1996, Booth, J., 17 Conn. L. Rptr. 72) (dismissing the appeal because the appellant failed to take an appeal from the zoning enforcement officer to the zoning board of appeals in a timely manner); Stauffer v. Ansonia Zoning Board of Appeals, Superior Court, judicial district of Ansonia/Milford at Milford, Docket No. 048034 (September 26, 1995, Skolnick, J.) (finding that the board lacked jurisdiction to hear the appeals because they were filed untimely); Scarano v. Zoning Board of Appeals, Superior Court, judicial district of New Haven at Meriden, Docket No. 233435 (March 21, 1991, Burns, J., 3 Conn. L. Rptr. 374) (finding that because the board did not have jurisdiction to hear the late appeal, the zoning enforcement officer's order was final and binding).
In Koepke, the court noted that the "legislature has not required that notice of the granting of a permit be given nor would it seem practical to give such notice for the literally thousands of such zoning and building permits that are issued on an almost daily basis across the state. We therefore conclude that [the aggrieved party's] time to appeal began to run at the time of the initial issuance of the permit; whether she received actual or constructive notice is irrelevant." Koepke v. ZoningBoard of Appeals, supra, 30 Conn. App. 402-03.
In the present case, the decision authorizing the plaintiff to file the maps was not appealed to the Board within thirty days from when the decision was made; therefore, under the specific circumstances of this case, the Board was without authority to review the decision. Under the zoning regulations, no notice, by publication or otherwise, was required to be given to the public, generally; to aggrieved neighbors, specifically; and in fact no notice was given. See, e.g., Darien Zoning Regs. §§ 1040, 1041.[3] The defendants have conceded, particularly at oral argument, that any decision by the zoning officer regarding the plaintiff's desire to file the maps or treat the property as CT Page 5966 separate lots would not have to be noticed in order for it to be effective. This Court believes that the defendants' notice arguments are a problem of the regulations and not of the plaintiff.
The defendants argue that the Tolleys' appeal to the Board filed on May 24, 1995, was timely because the Tolleys appealed the zoning enforcement officer's refusal to take enforcement action as requested by their attorney's letter dated May 9, 1995. The letter requested Keating "to reconsider [his] decision that the property is two lots and find that merger has occurred . . . ." (ROR, Item C.) In Keating's written response, he states that the "decision made in 1990 to allow properties at 33 and 35 Old Farm Road to be mapped and filed in the Darien Land Records has been reviewed, but remains unchanged at this time." (Supplemental ROR, Item 1.)
A zoning enforcement officer's decision not to take enforcement action in a particular case is appealable to the zoning board of appeals. See Simko v. Ervin, 234 Conn. 498,503, 661 A.2d 1018 (1995); R. Fuller, 9 Connecticut Practice Series, Land Use Law and Practice (1993) § 8.6. Moreover, General Statutes § 8-6 provides in pertinent part that "[t]he zoning board of appeals shall have the following powers and duties: (1) To hear and decide appeals where it is alleged that there is an error in any order, requirement or decision made by the official charged with the enforcement of this chapter . . . ." (Emphasis added.)
This Court rejects, however, the argument that a litigant can avoid the thirty day time limitation by filing an untimely request for reconsideration. The thirty day appeal period is a statutory and regulatory requirement implicating the Board's jurisdiction which should not be circumvented by such a "bootstrap" process.[4]
Alternatively, the defendants argue that the appeal to the Board may be fairly characterized as an appeal from a zoning officer's failure to abate an existing zoning violation. To support this contention the defendants refer to Section 1101 of the Darien Zoning Regulations which provides that no town official shall issue a permit or give any other authorization for the construction or use of any land that does not comply with the zoning regulations. This regulation states that any authorization issued in violation of the regulations "shall be CT Page 5967 null and void and of no effect without the necessity of any proceedings . . . or nullification thereof . . . ." DZR § 1101. The Board thus argues that if the use of the property as two separate lots violated the zoning regulations, then any approval of such use by Nurme or Keating was also a "violation and was null and void."
The underlying purpose or intent of § 1101 is apparent and reasonable — to ensure that zoning officials act within their authority and to counteract improper actions that they may take. The defendants' attempt to apply the regulation to this case in a literal fashion must fail, however. Under the defendants' reasoning, the thirty day limitation has no real significance because whether notice is provided or not, a person may at any time, without any time limitations, seek review of a zoning decision that he believes violates the zoning regulations. Indeed, there would be no limitation of any sort on an aggrieved person's ability to seek such review. This Court rejects such a broad view of § 1101, a view which eviscerates a property owner's ability to rely on the apparent, legitimate authority of zoning officials.
The defendants also insist that the Board may legitimately act at any time to review a landowner's complaint that a zoning enforcement officer has failed to abate or address an ongoing zoning violation. See Sakson Nursery v. Planning and ZoningBoard of Appeals, 30 Conn. App. 627, 621 A.2d 768, cert. denied,226 Conn. 908, 625 A.2d 1379 (1993). The Sakson case did not involve, however, a situation in which a zoning official made a prior determination that the disputed activity was authorized and appropriate over three years before neighbors complained. Accordingly, the element of reliance that exists in the present case was not present in Sakson.
This Court does not contest a zoning board's general authority to abate longstanding zoning violations or to correct a decision improvidently made. The Court is convinced, however, that property owners are entitled to acquire some degree of finality regarding facially valid determinations received by them from zoning officials so that they may reasonably rely on these decisions to conform their future actions and behavior. See Upjohn Co. v. Zoning Board of Appeals, 224 Conn. 96, 102,616 A.2d 793 (1992) (noting the need for stability in land use planning and the need for justified reliance by all interested parties). The defendants' position that the Board may CT Page 5968 reconsider and reverse zoning decisions at anytime, with no restrictions or time limitations whatsoever does not comport with fundamental concepts of law and equity. This Court finds such a position as applied to this case as being arbitrary and capricious.
The Reiss' (substituted defendants for the Tolleys) claim that they did not receive timely knowledge of the map filings, and the Board opines that it should have reviewed the decision to file the maps when the decision was made in 1990-91. However, problems concerning notice and review of map filings, which involve complex zoning issues, must be premised on procedures established under the Darien zoning regulations, which at the present time do not exist.[5] The regulations, for example, could require property owners to give notice to neighbors about decisions authorizing the filing of maps affecting lot sizes or the regulations could require that in the absence of notice, any such decisions are subject to appeal and reconsideration within a particular time period. In short, the problems concerning notice and review could be addressed in various ways under the zoning regulations. The plaintiff did not cause these problems. Moreover, this Court believes that addressing these problems in the present case as the defendants propose would unfairly operate to the plaintiff's detriment.
In sum, because the defendants' appeal to the Board was untimely, the Board lacked subject matter jurisdiction to hear their appeal. Because the court finds the jurisdictional issue in favor of the plaintiffs, the court need not reach the merger and municipal estoppel issues.
CONCLUSION
For the foregoing reasons, the plaintiff's appeal from the decision of the Board is hereby sustained and the Board's decision is hereby reversed.
STEVENS, JUDGE