[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiffs, Robert Redenz and Lorraine Redenz, appeal from a decision of the defendant, Zoning Board of Appeals of the Town of New Fairfield.
The defendant, Zoning Board of Appeals, maintains that it lacked jurisdiction to hear and decide an appeal of a cease and desist order issued by the New Fairfield zoning enforcement officer.
The claimed reason for the lack of jurisdiction, is the alleged failure of the plaintiffs to comply with the provisions of § 8-7 of the Connecticut General Statutes, while attempting to appeal the cease and desist order.
The plaintiffs are the owners of property located at 4 Charcoal Ridge Road West in the Town of New Fairfield.
On April 9, 1997, zoning enforcement officer, Mara Porwitzki, issued a cease and desist order (Rec. H, p. 130) naming both CT Page 2178 plaintiffs.
The cease and desist order cited the storage of two commercial vehicles on the premises at 4 Charcoal Ridge Road West, and alleged a violation of several provisions of the zoning regulations of the Town of New Fairfield.
The order clearly informed the plaintiffs of their right to appeal the order to the Zoning Board of Appeals, and indicated further that notice of the appeal "shall" be sent to the Zoning Board of Appeals and the zoning enforcement officer.
Certified mail was suggested as the method of delivery.
On April 24, 1997, the plaintiffs, through their attorney, addressed a letter to the chairman of the Zoning Board of Appeals of the Town of New Fairfield, and completed an application appealing the cease and desist order issued by the zoning enforcement officer. (Rec. A.)
Robert Redenz stated that he took the envelope addressed to the chairman of the Zoning Board of Appeals to the New Fairfield Town Hall, where he handed the envelope containing the letter and the appeal to a lady he recognized as the stenographer at the zoning commission.
According to the plaintiff, the lady said: "Oh, I'll take that, I know where it goes." (Rec. G, pp. 31-32.)
No additional communication was exchanged between the plaintiffs or their attorney and New Fairfield officials until June 7, 1997, when a letter I was sent from Zoning Board of Appeals chairman, Donald Kamps, to Attorney Neil Marcus.
The letter informed Attorney Marcus that the Zoning Board of Appeals would hold a hearing on June 19, 1997 concerning the plaintiffs' appeal of the cease and desist order. (Rec. B 1.)
The hearing was properly noticed on June 13, 1997 (Rec. C), in anticipation of the June 19, 1997 hearing.
At the June 19, 1997 meeting, the chairman of the Zoning Board of Appeals opened the discussion by questioning the timeliness of the plaintiffs' appeal of the cease and desist order. CT Page 2179
A letter was read from the zoning enforcement officer, Mara Porwitzki. (Rec. B 2 and Rec. GP, pp. 1-2.) Ms. Porwitzki requested that the Zoning Board of Appeals rule that the appeal was untimely.
Testimony indicated that the letter and application (Rec. A), which Robert Redenz stated he brought to the New Fairfield Town Hall on April 24, 1997, was not located in the Zoning Board of Appeals mailbox until May 28, 1997. (Rec. G, p. 5.)
No filing was made with either the zoning enforcement officer or the zoning commission, up to and including the date of the June 19, 1997 meeting. (Rec. G, pp. 7-8.)
After hearing testimony limited to the issue of the timeliness of the appeal, the board voted not to open the appeal, and to deny the appeal. The motion, adopted unanimously, was to "deny the appeal for failure to meet the jurisdictional requirements of service. Specifically, the failure to make service on the ZEO or Zoning Commissioner [sic] within the prescribed statutory period." (Rec. G, p. 49.)
The Zoning Board of Appeals thereafter declined to hear the appeal on the merits.
From that decision, the plaintiffs have appealed.
The parties agree that the statute governing appeals from a cease and desist order is § 8-7 of the Connecticut General Statutes. That statute reads, in pertinent part, as follows:
 The concurring vote of four members of the zoning board of appeals shall be necessary to reverse any order, requirement or decision of the official charged with the enforcement of the zoning regulations or to decide in favor of the applicant any matter upon which it is required to pass under any bylaw, ordinance, rule or regulation or to vary the application of the zoning bylaw, ordinance, rule or regulation. An appeal may be taken to the zoning board of appeals by any person aggrieved or by any officer, department, board or bureau of any municipality aggrieved and shall be taken within such time as is prescribed by a rule adopted by CT Page 2180 said board, or, if no such rule is adopted by the board, within thirty days, by filing with the zoning commission or the officer from whom the appeal has been taken and with said board a notice of appeal specifying the grounds thereof. The officer from whom the appeal has been taken shall forthwith transmit to said board all the papers constituting the record upon which the action appealed from was taken.
AGGRIEVEMENT
The plaintiffs are the owners of the real property at 4 Charcoal Ridge Road West, which was the subject of the cease and desist order, and the application which the Zoning Board of Appeals refused to hear on June 19, 1997. (Exhibit 1.)
A party claiming aggrievement must satisfy a twofold test. That party must first demonstrate a specific personal and legal interest in the subject matter of the decision, as distinguished from a general interest such as the concern of all members of the community as a whole. Second, that party must establish that this specific personal and legal interest has been specifically and injuriously affected by the decision. Cannavo Enterprises, Inc.v. Burns, 194 Conn. 43, 47 (1984); Hall v. Planning Commission,181 Conn. 442, 444 (1980); Bakelaar v. West Haven, 193 Conn. 59,65 (1984); Primerica v. Planning Zoning Commission,211 Conn. 85, 93 (1989).
The plaintiffs' status as owners of the property establishes that they have a specific personal and legal interest in the subject matter of the decision. Huck v. Inland Wetlands Watercourses Agency, 203 Conn. 525, 530 (1987). The fact that the decision of the Zoning Board of Appeals of the Town of New Fairfield resulted in their inability to have their appeal of the cease and desist order heard, effectively leaving the order in place, establishes that their specific personal and legal interest has been specifically and injuriously affected.
The plaintiffs are therefore aggrieved by the decision appealed from.
 CLAIM WAS TIMELY FILED WITH THE ZONING BOARD OF APPEALS CT Page 2181
The defendant, Zoning Board of Appeals of the Town of New Fairfield, raised in its brief the claim that there had been no timely filing of the appeal of the cease and desist order with the Zoning Board of Appeals.
The plaintiff, Robert Redenz, stated that he brought the appeal to the New Fairfield Town Hall on April 24, well within the thirty day appeal period, and gave the letter addressed to the chairman of the Zoning Board of Appeals to a lady.
While it might be possible for the Zoning Board of Appeals to conclude that the appeal was not timely filed with the Zoning Board of Appeals, in light of the fact that the letter was not discovered until May 28, the record does not reflect any such finding.
The motion adopted by the board makes no reference to the failure to file with the Zoning Board of Appeals within thirty days. In fact, the board member making the motion made specific reference to the envelope (Rec. A) addressed the Zoning Board of Appeals, and to the conversation of April 24 related by the plaintiff, Robert Redenz, concerning delivery of the envelope to the Zoning Board of Appeals. (Rec. G, p. 48.)
The record reveals that the board declined to find that the plaintiffs failed to file their appeal in a timely manner with the Zoning Board of Appeals, and the court will not substitute its view of the facts for that of the board.
 APPEAL NOT FILED WITH ZONING ENFORCEMENT OFFICER OR ZONING COMMISSION
The record is barren of any evidence that the appeal of the cease and desist order was filed either with the zoning enforcement officer or the zoning commission.
The plaintiffs argue in their brief (p. 4) that no case law is "on point concerning the language of Section 8-7 of the Connecticut General Statutes pertaining to the filing of an appeal from the decision of a zoning enforcement officer with both a zoning commission and a zoning board of appeals."
The plaintiff cannot argue, however, that the clear language of the statute does not require the filing of an appeal with either the zoning enforcement officer or the zoning commission. CT Page 2182
There is nothing ambiguous or unclear in the statutory language:
 An appeal may be taken to the zoning board of appeals by any person aggrieved . . . by filing with the zoning commission or the officer from whom the appeal has been taken, and with said board a notice of appeal. . . .
Nor can it be said that the zoning enforcement officer is insignificant in the statutory scheme. The state enumerates the duties and responsibilities of the zoning enforcement officer, in addition to being the possible recipient of notice.
The statute requires the zoning enforcement officer to "transmit to said board all the papers constituting the record upon which the action appealed from was taken."
Where the language of a statute is clear and unambiguous, courts may not by construction supply omissions in a statute, or add exceptions merely because it appears to them that good reasons exist for doing so. Simko v. Zoning Board of Appeals,205 Conn. 413, 418 (1987); Murach v. Planning Zoning Commission,196 Conn. 192, 196-197 n. 10 (1985). No word or phrase should be regarded as superfluous. Berger v. Tonken, 192 Conn. 581, 589
(1984).
A statutory right to appeal may be taken advantage of only by strict compliance with the statutory provisions by which it was created. Chestnut Realty Inc. v. CHRO, 201 Conn. 350, 356 (1986).
Statutory appeal provisions are mandatory and jurisdictional in nature and, if not complied with, the appeal is subject to dismissal. Royce v. Freedom of Information Commission,177 Conn. 584, 587 (1979); Norwich Land Co. v. Public Utilities Commission,170 Conn. 1, 6 (1975).
The plaintiffs did not file a notice of appeal with either the zoning enforcement officer or the zoning commission as required by the provisions of § 8-7 of the Connecticut General Statutes, and the identical provision found in New Fairfield Zoning Regulations § 5.3. Since the thirty day time limit in the statute is mandatory, an appeal not taken within thirty days is invalid. Koepke v. Zoning Board of Appeals,
CT Page 218330 Conn. App. 395, 399 (1993); Bosley v. Zoning Board of Appeals,30 Conn. App. 797, 800 (1993).
The decision of the defendant, Zoning Board of Appeals of the Town of New Fairfield, finds ample support in the record.
The appeal of the plaintiffs is DENIED.
Radcliffe, J.