KRISTINE PINCHBECK v. ZONING BOARD OF
APPEALS OF THE TOWN OF
GUILFORD ET AL.
(AC 18852)

O'Connell, C. J., and Zarella and Dupont, Js.[1]

Argued January 12—officially released May 30, 2000

---

[1] The listing of judges reflects their seniority status on this court as of the date of oral argument.

*Thomas E. Crosby*, for the appellant (plaintiff).

*Charles A. Andres*, for the appellee (named defendant).

*Marjorie Shansky*, for the appellees (defendant Gary Friedlaender et al.).

### Opinion

ZARELLA, J. The plaintiff, Kristine Pinchbeck, appeals from the judgment of the trial court dismissing her appeal from the February 25, 1998 decision of the defendant zoning board of appeals of the town of Guilford (board).[2] The plaintiff claims that the court improperly granted the motion to dismiss filed by the defendants Gary Friedlaender and Linda Friedlaender, which alleged that the court lacked subject matter jurisdiction because the plaintiff failed to exhaust her administrative remedies. We reverse the judgment of the trial court.

The following facts are necessary for a resolution of this appeal. The Friedlaenders own a home in the town of Guilford adjacent to the plaintiff's home. The Friedlaenders' home was constructed prior to the adoption of zoning regulations regarding street line and side yard setback requirements. On July 1, 1997, the Friedlaenders filed with the board an application seeking a vari-

---

[2] The defendants are the zoning board of appeals of the town of Guilford, and Gary Friedlaender and Linda Friedlaender.

ance to the street line setback requirements to permit them to build an addition to their home. The Friedlaenders wanted to add a second floor along with other improvements, the effect of which was to extend a portion of the home closer to the street. Because the construction would expand a nonconforming use, a street line setback variance was required. On the variance application, in the same section describing the requested variance, was the statement that the "[e]nforcement officer indicated that side yard [variance] for height increase is not required."

The notice of the public hearing on the variance request set forth that the applicant was seeking an eight foot variance from the street line setback requirements. On July 23, 1997, a public hearing was held on the application. The minutes of the meeting indicate that a real estate appraiser appeared, as a representative of the plaintiff's husband, and expressed concerns about the effect that the proposed addition would have on the septic systems and wells in the area. At the close of the public hearing, the board unanimously granted the variance, finding that the proposed addition would not have an adverse impact on the comprehensive plan and would satisfy all health codes. No appeal was taken from the board's decision.

On October 15, 1997, the plaintiff's counsel sent a letter to the town zoning enforcement officer, requesting a written opinion concerning the necessity for a side yard variance.[3] On October 23, 1997, the zoning

---

[3] The letter stated in part: "However, I understand that [the Friedlaenders] are in the process of expanding their nonconforming building by increasing the building footprint by 192 square feet and adding a thirty-five foot second-floor structure.

The structure's additional height increases the side yard's nonconformity, which necessitates a side yard variance. My review of the [Friedlaenders' application to the board] reflects that no such variance was sought or granted. In fact, their application states that 'enforcement officer indicated that side yard for height increase is not required.' "

enforcement officer replied by letter, stating that "the addition of a second story, over an existing structure, conforming to the same footprint, when said existing structure is legally nonconforming is not considered to be an increase in a nonconformity. In such an event, provided all other elements of zoning are met, a permit would be issued."

On November 6, 1997, the plaintiff appealed to the board pursuant to General Statutes § 8-6. On February 25, 1998, a public hearing was held, and the board, after specifically finding that it had jurisdiction to entertain the appeal, denied the plaintiff's appeal from the zoning enforcement officer's October 23, 1997 letter.

The plaintiff appealed to the Superior Court, claiming that the denial of the appeal by the board was improper. On May 26, 1998, the Friedlaenders moved to dismiss the appeal for lack of jurisdiction over the subject matter. They claimed in the motion that the plaintiff had failed to exhaust her administrative remedies.

At the hearing on the motion to dismiss, the plaintiff and the Friedlaenders stipulated to the admission of certain documents into evidence. The plaintiff placed in evidence the October 15, 1997 letter to the zoning enforcement officer seeking a decision on the issue of the need for a side yard variance. The plaintiff also introduced the zoning enforcement officer's reply. The Friedlaenders placed in evidence, inter alia, their application for a variance dated July 1, 1997, and the minutes of the board's hearing on the variance dated July 23, 1997. Neither party presented testimony, but counsel argued their clients' positions to the court.

On August 7, 1998, the court granted the motion to dismiss, finding that the plaintiff had failed to exhaust her administrative remedies. The court found that the plaintiff "had notice of the Friedlaenders' position at some time prior to July 23, 1997, had notice of the

Friedlaenders' position regarding the need for a side yard variance, had the opportunity to be heard on July 23 on that issue and to state [her] position, had the right to appeal at that time [from] any decision by the defendant [board] on that issue or appeal [from] the [defendant board's] refusal to address that issue, were that to be the case, and had the right to take an appeal within the statutory time limit. Plaintiff forbore to do so."

The plaintiff claims that the court improperly granted the motion to dismiss because the handwritten note on the variance application regarding the side yard requirement did not constitute a decision of the zoning enforcement officer. Further, the plaintiff claims that no administrative action was taken by the zoning enforcement officer until his October 23, 1997 response to the plaintiff's request for a ruling.

"A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction. . . . Because the exhaustion [of administrative remedies] doctrine implicates subject matter jurisdiction, [the court] must decide as a threshold matter whether that doctrine requires dismissal of the [plaintiff's] claim." (Citations omitted; internal quotation marks omitted.) *Johnson* v. *Dept. of Public Health*, 48 Conn. App. 102, 107–108, 710 A.2d 176 (1998). "We first note that, because [a] determination regarding a trial court's subject matter jurisdiction is a question of law, our review is plenary." (Internal quotation marks omitted.) *Lawrence Brunoli, Inc.* v. *Branford*, 247 Conn. 407, 410, 722 A.2d 271 (1999).

At the hearing on the motion to dismiss, no evidence was offered to establish that the zoning enforcement officer had issued an order, requirement or decision with regard to the need for a side yard variance at or before the July 23, 1997 hearing. The court was pre-

sented only with the Friedlaenders' architect's representation contained on the application that the zoning enforcement officer had "indicated" that no variance was needed at some undisclosed prior date. The court was correct in characterizing the application as having been a statement of the position of the Friedlaenders with respect to the need for a side yard variance. The court, however, did not find, nor could it find on the basis of the evidence presented, that the zoning enforcement officer had made such a decision.

Section 8-6 provides in relevant part that the zoning board of appeals shall have the power and duty "[t]o hear and decide appeals where it is alleged that there is an error in any order, requirement or decision made by the official charged with the enforcement of the this chapter . . . ." General Statutes § 8-7 provides in relevant part: "An appeal may be taken to the zoning board of appeals by any person aggrieved or by any officer, department, board or bureau of any municipality aggrieved and shall be taken within such time as is prescribed by a rule adopted by said board, or, if no such rule is adopted by the board, within thirty days . . . ." "[T]he thirty day limit of General Statutes § 8-7 is mandatory in nature and . . . any appeal not taken within thirty days is invalid." (Internal quotation marks omitted.) *Bosley* v. *Zoning Board of Appeals*, 30 Conn. App. 797, 800, 622 A.2d 1020 (1993). The threshold issue therefore is whether an order, requirement or decision by the zoning enforcement officer was in fact made, thus triggering the statutory framework for appealing from that decision. No evidence was presented to support this necessary finding.

The judgment of the trial court is reversed and the case remanded for further proceedings consistent with this opinion.

In this opinion the other judges concurred.