[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is an administrative appeal by the plaintiff, Aiudi Sons, LLC, from a January 11, 1999 decision by the defendant, Zoning Board of Appeals of the Town of Plainville ("Zoning Board"), denying the plaintiff's application appealing a cease and desist order issued by William Volovski, the Zoning Enforcement Officer of the Town of Plainville. The cease and desist order required the plaintiff to remove materials used or stored on its property located at 190 Camp Street, Plainville, Connecticut in violation of the zoning regulations of the Town of Plainville. For the reasons set forth below, the plaintiff's appeal is dismissed for lack of subject matter jurisdiction.
The plaintiff is a Connecticut limited liability company which owns property consisting of twenty-six acres located on the southerly side of Camp Street in Plainville, Connecticut. The property is a residentially zoned parcel (R-11 property) and abuts the plaintiff's quarry industrial zoned property on which a concrete plant is operated.
The Zoning Enforcement Officer received a complaint dated February 6, 1998, by several residential property owners, alleging that the plaintiff had violated the Town of Plainville's zoning regulations. Specifically, the complaint alleged that the plaintiff's employees were parking their vehicles on the R-11 property and that the plaintiff was extending the use of its concrete plant to its R-11 property by trucking and storing sand, rock, gravel and loam from its quarry to the R-11 property. (Return of Record, ("ROR"), Exhibit C, February 6, 1998 Letter.) After conducting an investigation, the Zoning Enforcement Officer concluded that plaintiff was violating the local zoning regulations by storing the above materials at the R-11 property and by allowing its employees to park at the R-11 property. (ROR, Exhibit Q.) The Zoning Enforcement Officer thereupon issued a notice of violation on March 25, 1998 to "Elmo Aiudi, et al." as the owner of the property. (ROR, Exhibit C, February 6, 1998 Letter and Exhibit I.)
In response, the plaintiff's attorney wrote to the Zoning Enforcement Officer on April 23, 1998, contesting the Zoning Enforcement Officer's notice of violation on the grounds that A. Aiudi Sons, LLC, not Elmo Aiudi, was the owner of the parcel in question and that the industrial use of the property was a nonconforming use. (ROR, Exhibit P.) Notwithstanding the plaintiff's request to refrain from enforcement, the Zoning Enforcement Officer, on April 29, 1998, issued a corrected notice of violation. The corrected notice ordered the plaintiff to cease all employee parking in the R-11 zoned property and to remove all materials related to the concrete plant from the site within fourteen days. (ROR, Exhibit C, April 29, 1998, Notice of Violation.) CT Page 15208
On May 7, 1998, counsel for the plaintiff again wrote to the Zoning Enforcement Officer requesting him to refrain from further enforcement action in anticipation of the plaintiff filing a cite plan application with the Zoning Board and a civil action before the Superior Court. (ROR, Exhibit C, May 7, 1998 Letter.) By letter dated June 24, 1998, the attorney for the Town wrote to the plaintiff's counsel referencing the April 29th notice of violation by the Zoning Enforcement Officer and stating that the Zoning Enforcement Officer had informed him that the violations continued. The letter concluded: "The matter has now been forwarded to me to bring enforcement action against your client. I intend to file an action shortly unless I hear from you that your client has abated the activity, or that there is a legal basis to support a claim that no violations exist. I look forward to your timely response." (ROR, Exhibit C, June 24, 1998 Letter.) On June 29, 1998, plaintiff's counsel wrote to the Town attorney reciting that the issues raised by the Town attorney were pending in Superior Court in the suit previously mentioned to the Zoning Enforcement Officer. (ROR, Exhibit C, June 29, 1998 Letter.)
On July 24, 1998, the plaintiff filed, pursuant to General Statutes § 8-6 and § 1300.1 of the Town of Plainville Planning and Zoning Commission zoning regulations, an appeal to the Zoning Board from "a cease and desist order as set forth in letters from [the town attorney] dated 6/24/98 and [the Zoning Enforcement Officer] dated 4/29/98." (ROR, Exhibit C, Application for Hearing.) The Zoning Board addressed the matter on various dates culminating in a vote of January 11, 1999, denying the plaintiff's appeal. (ROR, Exhibit R, pp. 32, 54.) The plaintiff then appealed to this court pursuant to General Statutes §8-8.
First, the court must address whether the plaintiff's appeal from the Zoning Enforcement Officer's notice of violation to the Zoning Board on July 24, 1998, was timely commenced. General Statutes § 8-7 requires that the appeal from the Zoning Enforcement Officer to the Zoning Board must be made within thirty days from the time the Zoning Enforcement Officer issued his notice of violation. That statute provides, in pertinent part, and as relevant in Plainville, as follows: "An appeal may be taken to the zoning board of appeals by any person aggrieved . . . and shall be taken . . . within thirty days, by filing with the zoning commission or the officer from whom the appeal has been taken and with said board a notice of appeal specifying the grounds thereof."[1]
The Appellate Court, in Pinchbeck v. Zoning Board of Appeals,58 Conn. App. 74, 78 (2000), recently stated: "[T]he thirty day limit of General Statutes § 8-7 is mandatory in nature and . . . any appeal not taken within thirty days is invalid . . . (Citations omitted; CT Page 15209 internal quotation marks omitted.); see also Bosley v. Zoning ofAppeals, 30 Conn. App. 797, 800 (1993). Accordingly, if the plaintiff's appeal to the Zoning Board was untimely commenced, then the Zoning Board lacked jurisdiction to review the merits of the plaintiff's application/appeal and this court would lack subject matter jurisdiction to review the merits of the plaintiff's present appeal. Bosley v. ZoningBoard of Appeals, supra, 800; see also Farricielli v. Town of HamdenZoning Board of Appeals, Superior Court, judicial district of New Haven, Docket No. 383424 (April 30, 1996, Booth, J.)
On April 29, 1998, the Zoning Enforcement Officer issued his notice of violation, and accompanying remedial order, thereby triggering the start of the appeal period. See Pinchbeck v. Zoning Board of Appeals,58 Conn. App. 79. The appeal to the Zoning Board was taken on July 24, 1998 more than thirty days from the issuance of the notice of violation. The Zoning Board, therefore, lacked jurisdiction to consider the plaintiff's appeal,[2] and this court lacks jurisdiction as well. Bosleyv. Zoning Board of Appeals, supra, 30 Conn. App. 798; Koepke v. ZoningBoard of Appeals of Coventry, 30 Conn. App. 395, 399 rev'd on other grounds, 230 Conn. 452 (1994); Van Eck v. Town of East Haven Zoning,
Superior Court, judicial district of New Haven at New Haven, Docket No. 400937 (March 11, 1998, Burns, J.) ("the court cannot hear the matter due to the time limitation, being jurisdictional.")
The plaintiff first argues that the Zoning Enforcement Officer was provided with a notice of appeal by its attorney's letter of May 7, 1998, requesting that "you refrain from taking any further action" until the site plan is filed and a related court case is decided. (ROR, Item C, May 7, 1998 Letter.) This letter, however, hardly constitutes the "filing" with an officer of a "notice of appeal" to the Zoning Board with reasons thereon and no notice was given to the Zoning Board as required by General Statutes § 8-7.
Second, the plaintiff contends that the letter by the town attorney dated June 24, 1998, amounted to the issuance of the order and it was this order the the plaintiff timely appealed therefrom. The letter dated June 24th, however, did not undercut the outstanding April 29, 1998 order. Rather, the June 24th letter referenced the outstanding order of the Zoning Enforcement Officer and threatened a separate injunctive enforcement action against the plaintiff under General Statutes § 8-12. This situation, of course, differs from the Koepke case relied on by the plaintiff. In that case, the Appellate Court concluded that the actions of the Zoning Enforcement Officer in attempting to revoke his original order and issuing a subsequent permit did not affect the time from which the thirty days was calculated. According to the Appellate court, the earlier permit was valid and the appeal should have been taken within thirty CT Page 15210 days. The Supreme Court concluded otherwise, holding that the thirty days ran from the subsequently issued permit because the earlier permit had been validly revoked. See Koepke v. Zoning Board of Appeals of Coventry,
supra, 30 Conn. App. 399; Koepke v. Zoning Board of Appeals of Coventry,
supra, 230 Conn. 458. The correspondence relied on by the plaintiff does not constitute a revocation or even a change in the April 29th order of the Zoning Enforcement Officer. The case of Pascale v. Board of ZoningAppeals, 150 Conn. 113 (1962), cited by the plaintiff, is not applicable as the statute then in effect did not have a thirty-day jurisdictional deadline.[3] The only issue in Pascale was one of examining the reasons for delay to see if the doctrine of laches applied, and the court determined that the doctrine inapplicable. Id., 120.
Therefore, since the appeal by the plaintiff to the Zoning Board was untimely, the court dismisses the plaintiff's appeal for lack of subject matter jurisdiction.[4]
Henry S. Cohn, Judge