[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION MEMORANDUM OF DECISION ON REHEARING OF MOTION TO DISMISS
The case comes to this court from the Appellate Court on reversal and remand. Pinchbeck v. Zoning Board of Appeals of Guilford, 58 Conn. App. 74
(2000).
The Appellate Court set forth the facts as follows:
"The Friedlaenders own a home in the town of Guilford adjacent to the plaintiffs home. The Friedlaenders' home was constructed prior to the adoption of zoning regulations regarding street line and side yard setback requirements. On July 1, 1997, the Friedlaenders filed with the board an application seeking a variance to the street line setback requirements to permit them to build an addition to their home. The Friedlaenders wanted to add a second floor along with other improvements, the effect of which was to extend a portion of the home closer to the street. Because the construction would expand a nonconforming use, a street line setback variance was required. On the variance application, in the same section describing the requested variance, was the statement that the `[e]nforcement officer indicated that side yard [variance] for height increase is not required.'
"The notice of the public hearing on the variance request set forth that the applicant was seeking an eight foot variance from the street line setback requirements. On July 23, 1997, a public hearing was held on the application. The minutes of the meeting indicate that a real estate appraiser appeared, as a representative of the plaintiffs husband, and expressed concerns about the effect that the proposed addition would have on the septic systems and wells in the area. At the close of the public hearing, the board unanimously granted the variance, finding that the proposed addition would not have an adverse impact on the comprehensive plan and would satisfy all health codes. No appeal was taken from the board's decision.
"On October 15, 1997, the plaintiffs counsel sent a letter to the town zoning enforcement officer, requesting a written opinion concerning the necessity for a side yard variance. On October 23, 1997, the zoning enforcement officer replied by letter, stating that "the addition of a second story, over an existing structure, conforming to the same CT Page 11287 footprint, when said existing structure is legally nonconforming is not considered to be an increase in a nonconformity. In such an event, provided all other elements of zoning are met, a permit would be issued.
"On November 6, 1997, the plaintiff appealed to the board pursuant to General Statutes § 8-6. On February 25, 1998, a public hearing was held, and the board, after specifically finding that it had jurisdiction to entertain the appeal, denied the plaintiffs appeal from the zoning enforcement officer's October 23, 1997 letter.
"The plaintiff appealed to the Superior Court, claiming that the denial of the appeal by the board was improper. On May 26, 1998, the Friedlaenders moved to dismiss the appeal for lack of jurisdiction over the subject matter. They claimed in the motion that the plaintiff had failed to exhaust her administrative remedies.
"At the hearing on the motion to dismiss, the plaintiff and the Friedlaenders stipulated to the admission of certain documents into evidence. The plaintiff placed in evidence the October 15, 1997 letter to the zoning enforcement officer seeking a decision on the issue of the need for a side yard variance. The plaintiff also introduced the zoning enforcement officer's reply. The Friedlaenders placed in evidence, inter alia, their application for a variance dated July 1, 1997, and the minutes of the board's hearing on the variance dated July 23, 1997. Neither party presented testimony, but counsel argued their clients' positions to the court.
"On August 7, 1998, the court [Downey, J.] granted the motion to dismiss, finding that the plaintiff had failed to exhaust her administrative remedies. The court found that the plaintiff `had notice of the Friedlaenders' position at some time prior to July 23, 1997, had notice of the Friedlaenders' position regarding the need for a side yard variance, had the opportunity to be heard on July 23 on that issue and to state [her] position, had the right to appeal at that time [from] any decision by the defendant [board] on that issue or appeal [from] the [defendant board's] refusal to address that issue, were that to be the case, and had the right to take an appeal within the statutory time limit. Plaintiff forbore to do so.'
"The plaintiff claims that the court improperly granted the motion to dismiss because the handwritten note on the variance application regarding the side yard requirement did not constitute a decision of the zoning enforcement officer. Further, the plaintiff claims that no administrative action was taken by the zoning enforcement officer until his October 23, 1997 response to the plaintiffs request for a ruling."Id., 74-78. CT Page 11288
The Appellate Court reversed the decision of the Superior Court because it held that there was no evidence of whether the zoning enforcement officer had issued an order, requirement or decision with regard to the need for a side yard variance at or before the July 23, 1997 hearing. Id., 78. The Appellate Court in its rescript directed the Superior Court to make a finding on the threshold issue of whether "an order, requirement or decision by the zoning enforcement officer was in fact made, thus triggering the statutory framework for appealing from that decision." Id., 79.
This court has heard evidence with respect to that discrete issue. The court finds that on or about June 27, 1997, the Friedlaenders' architect visited the zoning enforcement officer to review the Friedlaenders' draft of their application for a zoning variance. At that meeting, the zoning enforcement officer indicated to the architect that it was the long-standing interpretation of the zoning regulations by the zoning enforcement office that no side yard variance was required in the situation presented by the Friedlaenders' application. The architect noted this interpretation in the margins of the application.
Though both the architect and the zoning enforcement officer testified that this type of interaction was not out of the ordinary — that is, an informal conversation in which an inquiry was made about how the regulations of the town were commonly interpreted — the oral statements of the zoning enforcement officer in such a circumstance cannot be considered to be "an order, requirement, or decision by the zoning enforcement officer." The first such ruling by the Zoning enforcement officer in this case was that contained in his letter of October 23, 1997.
The appeal to the Zoning Board of Appeals taken on November 6, 1997, was therefore timely. This court has jurisdiction to hear and decide the merits of this appeal. On rehearing then, the Motion to Dismiss is denied.
Accordingly this court will promptly set the matter down for further hearing on the merits, including the opportunity for oral argument by counsel for the parties. The parties are directed to contact the clerk with available dates for such further proceedings.
By the Court,
Patty Jenkins Pittman Judge of the Superior Court CT Page 11289