[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO DISMISS (#114)
The defendant, Connecticut Hospital Management Corporation, doing business as Stonington Institute, moves to dismiss this administrative appeal brought by the plaintiff, Mildred Borden, on the ground that the court lacks subject matter jurisdiction. Resolution of the motion requires a review of the procedural history of this case.
 FACTS
On April 10, 1997, the planning and zoning commission of the town of North Stonington (commission) approved a site plan application submitted CT Page 5303 by the defendant for the construction of a building on its property. The plaintiff, thereafter, appealed the commission's decision directly to the Superior Court. The defendant moved to dismiss the appeal on the ground that the court lacked subject matter jurisdiction because the plaintiff failed to exhaust her administrative remedy of appealing the commission's decision to the North Stonington zoning board of appeals (ZBA). The court, Hurley, J.T.R., granted the defendant's motion to dismiss. The plaintiff appealed this decision, and on June 27, 2000, the Appellate Court affirmed the trial court. Upon a review of § 207 of the North Stonington zoning regulations,[1] the Appellate Court held that "the commission in this case was engaged in the "enforcement' of the regulations and, therefore, that the plaintiff had available to her the administrative remedy of appealing to the [ZBA]." Borden v. Planning Zoning Commission, 58 Conn. App. 399, 409, 755 A.2d 224, cert. denied,254 Conn. 921, 759 A.2d 1023 (2000). The plaintiff then filed a petition for certification to appeal to the Supreme Court. Certification was denied on October 2, 2000.
On October 16, 2000, the plaintiff appealed the April 10, 1997 decision of the commission to the ZBA. At its February 13, 2001 meeting, the ZBA determined that it did not have jurisdiction to hear the plaintiff's appeal. On April 23, 2001, the plaintiff filed the present appeal. In her amended appeal, filed on May 30, 2001, the plaintiff seeks to have the court "sustain the appeal and render judgment ordering and directing the [ZBA] to hear and decide the appeal. . . ."
 DISCUSSION
"The standard of review of a motion to dismiss is . . . well established. In ruling upon whether a complaint survives a motion to dismiss, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader. . . . A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction. . . ." (Internal quotation marks omitted.) Brookridge District Assn. v. Planning Zoning Commission, 259 Conn. 607, 610-11, ___ A.2d ___ (2002).
In support of its motion to dismiss, the defendant argues that the court lacks subject matter jurisdiction over the plaintiff's appeal because the plaintiff did not exhaust her available administrative remedy. The defendant asserts that, pursuant to General Statutes § 8-7, the plaintiff had thirty days from April 10, 1997, the date the commission rendered its decision, to bring an appeal to the ZBA, and that the appeal filed with the ZBA on October 16, 2000, was untimely. The CT Page 5304 defendant further argues that the court in Borden v. Planning ZoningCommission, supra, 58 Conn. 409, had determined, under the same facts presented in this appeal, that the trial court lack jurisdiction because the plaintiff failed to timely appeal the decision of the commission to the ZBA.[2]
The plaintiff objects to the defendant's motion to dismiss, arguing that the court has subject matter jurisdiction over this appeal. The plaintiff contends that General Statutes § 8-8 (o) and (p), now §8-8 (p) and (q),[3] tolls the thirty day appeal period to the ZBA in order for "planning and zoning decisions [to] be heard and decided on their merits and not be invalidated for technical defects. . . ." (Plaintiff's Memorandum in Opposition to Defendant's Motion to Dismiss, p. 3.) Additionally, the plaintiff argues that the ZBA's determination that it did not have jurisdiction to hear her appeal is a decision from which she can appeal.
General Statutes § 8-7, provides, in part, that "[a]n appeal may be taken to the zoning board of appeals by any person aggrieved . . . and shall be taken within such time as is prescribed by a rule adopted by said board, or, if no such rule is adopted by the board, within thirty days, by filing with the zoning commission or the officer from whom the appeal has been taken and with said board a notice of appeal specifying the grounds thereof. . . ." Because "[t]he thirty day limit of . . . § 8-7 is mandatory in nature . . . any appeal not taken within thirty days is invalid." (Internal quotation marks omitted.) Pinchbeck v. ZoningBoard of Appeals, 58 Conn. App. 74, 79, 751 A.2d 849 (2000).
"Because the exhaustion [of administrative remedies] doctrine implicates subject matter jurisdiction, [the court] must decide as a threshold matter whether that doctrine requires dismissal of the [plaintiff's] claim. . . ." (Internal quotation marks omitted.) BrookridgeDistrict Assn. v. Planning Zoning Commission, supra, 259 Conn. 610-11. "Our Supreme Court [however] has recognized certain limited exceptions to the exhaustion doctrine. . . ." Borden v. Planning Zoning Commission,
supra, 58 Conn. App. 410, citing O G Industries, Inc. v. Planning Zoning Commission, 232 Conn. 419, 426, 655 A.2d 1121 (1995). "Such exceptions include where the available relief is inadequate or futile . . . or where local procedures cannot effectively, conveniently or directly determine whether the plaintiff is entitled to the relief claimed." (Citation omitted; internal quotation marks omitted.) O GIndustries, Inc. v. Planning Zoning Commission, supra, 426.
In the present case, the commission rendered its decision on April 10, 1997, and the plaintiff filed her appeal to the ZBA on October 16, 2000. Because the plaintiff did not file her appeal to the ZBA within the CT Page 5305 thirty day time period prescribed by General Statutes § 8-7, nor has she alleged an exception to the exhaustion doctrine, her appeal to the ZBA is untimely pursuant to § 8-7. General Statutes § 8-7;Pinchbeck v. Zoning Board of Appeals, supra, 58 Conn. App. 79. Moreover, "if the plaintiff's appeal to the [ZBA] was untimely commenced, then the [ZBA] lacked jurisdiction to review the merits of the plaintiff's application/appeal and this court would lack subject matter jurisdiction to review the merits of the plaintiff's . . . appeal." A. Audi Sons,LLC v. Zoning Board of Appeals, Superior Court, judicial district of New Britain, Docket No. 493738 (December 8, 2000, Cohn, J.).
The plaintiff, relying on the savings provisions of § 8-8 (p) and (q), argues, however, that her appeal is properly before the court because she "brought the . . . appeal to the [ZBA] within fifteen days of the determination of the procedural defect in her earlier appeal upon denial of certification by the Connecticut Supreme Court in . . . [Bordenv. Planning Zoning] . . . and in accordance with . . . §§ 8-6 and 8-8
[(p)] and [(q)]." (Plaintiff's Memorandum, p. 9.)
General Statutes § 8-8 (p), provides: "The right of a person to appeal a decision of a board to the Superior Court, and the procedure prescribed in this section, shall be liberally interpreted in any case where a strict adherence to these provisions would work surprise or injustice. The appeal shall be considered to be a civil action and, except as otherwise required by this section or the rules of the Superior Court, pleadings may be filed, amended or corrected, and parties may be summoned, substituted or otherwise joined, as provided by the general statutes."
General Statutes § 8-8 (q). provides: "If any appeal has failed to be heard on its merits because of insufficient service or return of the legal process due to unavoidable accident or the default or neglect of the officer to whom it was committed, or the appeal has been otherwise avoided for any matter of form, the appellant shall be allowed an additional fifteen days from determination of that defect to properly take the appeal. The provisions of section 52-592 shall not apply to appeals taken under this section."
The plaintiff's assertion that General Statutes § 8-8 (p) and (q) save her appeal because they toll the thirty day appeal period to the ZBA is unavailing. Section 8-8 does not govern appeals from the commission to the ZBA. A clear reading of the statutory heading, as well as the text of § 8-8 reveals that § 8-8 applies to appeals taken to court from the decisions of a commission or from the decisions of a ZBA to the Superior Court. See generally Gadbois v. Planning Commission,257 Conn. 604, 608-609, 778 A.2d 896 (2001) (discussing the applicability CT Page 5306 of § 8-8 (p) and (q) in the context of an administrative appeal from the decision of a planning and zoning commission to the Superior Court where service of process was defective). Sections 8-6 and 8-7, which do apply to appeals to the ZBA, however, do not include savings provisions similar to those in § 8-8. As the Appellate Court in Borden v.Planning Zoning Commission, supra, 58 Conn. App. 409, held, "the plaintiff had available to her the administrative remedy of appealing to the [ZBA]." (Emphasis added.) The plaintiff, therefore, in failing to appeal the decision of the commission to the ZBA within the time period prescribed by General Statues § 8-7, has not exhausted her available administrative remedy nor has she alleged an exception to the exhaustion doctrine, and cannot now seek relief in the Superior Court. "It is a settled principle of administrative law that, if an adequate administrative remedy exists, it must be exhausted before the Superior Court will obtain jurisdiction to act in the matter. . . ." (Citations omitted; internal quotation marks omitted.) Id., 405.
Based on the foregoing, the defendant's motion to dismiss is granted. Because the court grants the motion to dismiss, the defendant's motion to strike is moot.
Martin, J.